## C. T. RUCKER v. DONOVAN & FEIFERLICH.

1. RIGHT OF STOPPAGE OF GOODS *in Transitu.* In order to exercise the right of stoppage *in transitu,* no actual seizure of the goods before delivery to the vendee is essential. A demand of the carrier, notice to him to stop the goods, or a claim and endeavor to get the possession, is sufficient.

2. ———— Such demand must be made of the one in possession of the goods.

3. ———— Seizure by an officer under process in favor of another creditor will not defeat the right of stoppage.

4. ———— Stoppage *in transitu* is the enforcement of a lien, and not a rescission of the sale; hence, proof of the exercise of this right of stoppage, is not proof of an absolute ownership.

5. —————— *Pleading, and Proof; Variance.* Where a petition in replevin alleges absolute ownership, and the findings of fact show simply the right derived from a stoppage *in transitu*, and it does not appear that any objection was made to proof of this kind of interest in the property, and no motion was made for a new trial, and it does not appear that the attention of the district court was in any way called to the variance, this court will not on that account reverse a judgment sustained by the findings, notwithstanding the discrepancy between them and the petition.

6. —————— *Lien of Carrier; Substitution; Officer.* The lien of the carrier for charges for carriage of the specific articles is prior to the rights of the vendor, and the carrier may insist upon retaining possession until those charges are paid. And an officer holding process against the vendee may lawfully advance these charges to the carrier, on taking possession of the goods, and having so advanced them is substituted to all the carrier's rights of possession as security therefor.

7. REPLEVIN — *When not Maintained.* The action of replevin cannot be maintained against one having the right of possession. In such case, if the defendant has given bonds and kept the property, judgment should be entered in his favor for costs.

### Error from Bourbon District Court.

REPLEVIN, brought by *Donovan & Feiferlich* as plaintiffs, to recover the possession of certain barrels of turpentine and coal oil. The plaintiffs were merchants, at St. Louis, and had sold and shipped the turpentine and oil to L. E. Conner & Co., merchants, Fort Scott. *Rucker*, as constable, held a writ of execution against Conner & Co., and by virtue of such writ had levied on the goods while in possession of the carrier, had paid the freight charges to the carrier, and taken the goods into his possession. The plaintiffs demanded possession of *Rucker*, which was refused, and they then commenced their action, alleging that they were the owners of the goods, and as such owners were entitled to the possession. Answer, first, a general denial; second, that defendant was a constable of the city of Fort Scott, and setting up the facts showing his right to the possession of said goods as such constable. Trial by the court, (C. W. B., judge *pro tem.,*) at the December Term 1872. Findings and judgment for the plaintiffs, and *Rucker* brings the case here on error.

*Hulett & McCleverty,* for plaintiff in error:

1. Before Donovan & Feiferlich could recover under their petition they must show an absolute ownership in the coal oil and turpentine, or some part of it. A mere right to exercise the right of stoppage *in transitu* gives no title to the property unless that right is exercised and put in operation by an actual stoppage, or demand for the property, under the law, and by virtue of the law. Notice of the consignor's claim and purpose to execute his right, (1 Pars. Contr., 596,) is requisite to entitle the vendor to exercise this right. The finding of facts of the court below, show "that defendants in error demanded possession of the goods of Rucker while he held them, and before action brought." There is no finding of any notice of their claim or purpose to execute their right of stoppage *in transitu.*

Again the right of stoppage in transit is not a rescinding of the sale, but merely an extension of the common-law lien of the vendor; (12 Pick., 307; 15 Maine, 315; 20 Conn., 53;) and hence until this lien is put in force and operation, the property is in the vendee, (in this case, L. E. Conner & Co.;) Rucker holding the same on an execution issued against Conner & Co. is rightfully in possession; and the court erred in finding for the plaintiffs below.

2. The 6th finding of fact by the court below is, "That no payment or tender of the freight-charges were made to Rucker before the bringing of this action." The 7th finding is, "That said Rucker paid the freight-charges on said goods to the amount of $13.60." Now we submit that Rucker being lawfully in possession of the goods under an execution against the vendees, is entitled to the same protection as the carriers of the goods from which he took them; and there is and can be no question but that the carrier would be entitled to hold the goods until their claim for freight was satisfied, even though the stoppage *in transitu* was perfected. (3 B. & P., 42.)

3. An action will not lie in replevin to enforce *a lien.*

Defendants in error, to authorize them to recover possession of chattels by virtue of their right of stoppage *in transitu*, must give notice of their claim, and of their purpose to exercise their right. A mere demand for the possession from one lawfully holding possession is insufficient; and there can be no question but that Rucker did have right to hold the goods against all parties, until the vendors acted upon and exercised their right of stoppage *in transitu*. And Rucker holding the chattels by virtue of a valid execution against Conner & Co., who were the owners of the same against all the world excepting the lien of the right of stoppage *in transitu* by the vendors, and having paid the freight from St. Louis to Fort Scott, was entitled in any event to repayment or tender of payment before delivering up the goods. He had the same rights as the carriers themselves; and it is not sufficient to say that the court allowed a diminution of the judgment rendered to the amount of the freight. Rucker was entitled to the payment to him of the freight before being subjected to a suit at law.

*C. O. French*, for defendants in error. No brief on file.

The opinion of the court was delivered by

BREWER, J.: This was an action of replevin brought by defendants in error in the district court of Bourbon county. The testimony is not in the record, and the case is before us on the pleadings, the findings, and judgment. The petition alleges an absolute ownership. The findings show that the goods were in the possession of Rucker as constable by virtue of proper and legal process against the firm of L. E. Conner & Co. Plaintiff's title was based upon an attempted exercise of the right of stoppage in transitu. The findings are, that plaintiffs at St. Louis sold the goods to Conner & Co., and shipped them to Fort Scott; that Conner & Co. were then insolvent, and that this insolvency was unknown to plaintiffs; that the goods never came into the possession of Conner & Co., but were taken by the constable from the carrier by virtue of

his process; and that the constable paid the freight-charges, and also that plaintiffs demanded possession of the goods from the constable before suit, and while they were in his possession, but did not pay or tender the freight-charges. These are all the facts upon which the court based its conclusions of title and right of possession in the plaintiffs. The first finding shows a passage of the title from plaintiffs to Conner & Co.; and a reinvestment in plaintiffs of title and right of possession is claimed only by virtue of an exercise of the right of stoppage *in transitu.* Now, the mere insolvency of the vendee does not of itself amount to a stoppage *in transitu;* there must be some act on the part of the vendor indicative of his intention to repossess himself of the goods. (1 Parsons on Contr., 478; 2 Kent, 543, and cases cited in notes.) Actual seizure of the goods before they come into the hands of the vendee is not essential. A demand of the carrier, or notice to him to stop the goods, or a claim and endeavor to get the possession, is sufficient. No particular form of notice and demand is required. (See same authorities.) This right can be exercised only during the transit, and before delivery, actual or constructive, to the vendee. But a seizure by an officer under legal process in favor of some other creditor does not destroy the right. (*Smith v. Goss,* 1 Camp., N.P., 282; *Buckley v. Furniss,* 15 Wend., 135; *Agmire v. Parmelee,* 22 Conn., 473; *Wood v. Yeatman,* 15 B. Mon., 270.) Demand must be made of the party in possession. It is not sufficient to make demand of the vendee. (*Whitehead v. Anderson,* 9 M. & Welsby, 519; *Mottram v. Heyer,* 5 Denio, 629.) Applying these rules to the facts of this case and it appears that the transit had not ended; the goods were in possession of an officer holding legal process in favor of another creditor; demand was made of the party in actual possession. It would seem therefore that the right of stoppage *in transitu* was not gone, and that the plaintiffs took the necessary steps to assert that right. But it is insisted by counsel that this stoppage *in transitu* is simply the exercise of a lien by the seller, and not a rescission of the sale; that the petition alleges absolute

ownership while the findings only show the existence of a lien, a variance that is fatal to the action. It must be conceded that the great weight of authority supports the claim of counsel in reference to the nature of stoppage *in transitu*, though there is far from absolute unanimity on the question. But it does not appear that any objection was made to proof of this kind of interest in the property under the general allegation of ownership; no motion for a new trial was made, nor does it appear that the attention of the district court was called to this variance, and it is one of those discrepancies which under almost any circumstances might properly be corrected at the trial by an amendment of the petition. As it does not appear by exception or otherwise that the findings are against the evidence, we could not order a new trial, but must direct the judgment that ought to be entered. It does not seem to us therefore that we ought to disturb the judgment upon that ground.

One question more remains for consideration. The constable paid the freight charges when he took possession of the goods from the carrier. These charges were neither paid nor tendered to him before this suit was commenced. Who then had the right of possession at that time? Clearly the officer. The lien for charges was prior to the claims of creditors, or the rights of the vendor. (2 Kent, 541; *Oppenheim v. Russell*, 3 Bos. & Pul., 42.) The carrier's possession could not be disturbed until they were paid. The officer was justified in paying them, and having paid them was substituted to all the rights of the carrier. Before his possession then could be disturbed he must be reimbursed the money by him thus advanced. Now, the gist of the action of replevin is the right of possession. (*Town of LeRoy v. McConnell*, 8 Kas., 273.) Of course, questions of title may also arise, but the action can never be maintained against any one having the right of possession. The constable having the right of possession was entitled to judgment. He should not be subject to the expenses of a litigation which was not rightfully commenced. The law will protect the possession in him until

these charges are paid.  Having retained the property, the value of this possession need not and could not properly be determined, nor could any judgment be rendered for the return of the property, or the recovery of the value thereof, or the value of the possession.  All that could properly be done was to render a judgment in his favor for costs.  Such a judgment, upon this ground alone, we are compelled to direct the district court to enter, and the case will be remanded for that purpose.  We have in this opinion discussed questions other than the one necessary to be considered, in order that there might be no dispute hereafter as to the matters decided and disposed of between these parties by this case.

All the Justices concurring.