THE SMITH-McCORD DRY-GOODS COMPANY *et al.* v. F. E. BURKE *et al.*

No. 12,423. (66 Pac. 1036.)

SYLLABUS BY THE COURT.

1. REPLEVIN— *Tenants in Common.* One tenant in common cannot maintain replevin for the possession of any of the common property against his cotenant, nor against one in possession of the property as the joint agent of the tenants in common.

2. ———— *Mortgagees—Fraud.* In the absence of fraud, a subsequent mortgagee cannot maintain replevin for the possession of the mortgaged property in the possession of the prior mortgagee or his agent until after such prior mortgage has been satisfied.

Error from Osage district court; WILLIAM THOM-SON, judge.   Opinion filed December 7, 1901.   Division two.   Affirmed.

*Pleasant & Pleasant*, and *Karnes, New, Hall & Krauthoff*, for plaintiffs in error.

*J. T. Pringle*, for defendants in error.

The opinion of the court was delivered by

GREENE, J.: The plaintiffs in error, the Smith-McCord Dry-goods Company, the Hargadine-McKittrick Dry-goods Company, Phelps, Dodge & Palmer, Rothschild Bros., L. Beard & Co., and Harding & Co., commenced this action in the district court of Osage county against defendants in error, F. E. Burke and John T. Hoover, to recover the possession of a certain stock of merchandise located at Burlingame, Kan., alleging special ownership therein under mortgages.

It appears from the petition that on the 29th day of January, 1898, the defendant Burke executed his mortgage on the stock of goods in question to the Smith-McCord Dry-goods Company and the Hargadine-McKittrick Dry-goods Company jointly.   This mortgage states that it is subject to a prior mortgage to the Burlingame Bank and to R. P. Smith & Sons Company.   Afterward, and on the 1st day of February, 1898, Burke executed another mortgage on said stock of goods in favor of the other plaintiffs herein, Phelps, Dodge & Palmer, Rothschild Bros., L. Beard & Co., and Harding & Co., jointly.   This mortgage recites that it is subject to the two prior mortgages.

Upon application of Burke, the court required the plaintiffs to amend their petition by setting up a certain written contract entered into between Burke and

the R. P. Smith & Sons Company, the Burlingame Bank, as first mortgagees, the Smith-McCord Dry Goods Company and the Hargadine-McKittrick Dry Goods Company, as second mortgagees, contemporaneous with the execution of said mortgage. In compliance with said order, plaintiffs made the following amendment:

"That at the time of executing said mortgage, exhibit 'A,' R. P. Smith & Sons Co., the Burlingame Bank, and said Smith & McCord Dry-goods Co. and Hargadine-McKittrick Dry-goods Co., made an agreement in writing with said Burke, wherein it was provided that he should be allowed $150 per month for himself and two clerks, so long as said stock is being foreclosed at retail under the management of said Burke, which agreement is in words and figures following, to wit:

" 'Whereas, F. E. Burke now employs two clerks in his store at Burlingame, Kan., and has this day given a chattel mortgage to us on his stock at Burlingame, Kan.:

" 'Now, therefore, we agree to allow out of the proceeds of said store, on account of said clerk hire and his own exclusive time and management given to said store, $150 per month, as long as said stock is being foreclosed at retail; said stock to be sold at retail only under the management of said Burke.

(Signed) R. P. SMITH & SONS CO.,
BURLINGAME BANK,
*First Mortgagees.*
SMITH-McCORD DRY-GOODS CO.,
HARGADINE-McKITTRICK DRY-GOODS CO.,
*Second Mortgagees.*' "

After this amendment was made the defendants each filed separate demurrers to the petition, alleging all the statutory grounds. These demurrers were sustained by the court, and, the plaintiffs electing to stand upon their petition, judgment was rendered against them, and they prosecute error to this court.

Smith-McCord v. Burke.

The first contention is that the court below erred in requiring the plaintiffs to plead this contract. In this we think the court made a mistake. The facts contained in this amendment were matters of defense, and, if pleaded, should have been pleaded by the defendants. A court should never require a plaintff to plead matters purely defensive in their nature. While this amendment is fatal to the petition as to the Smith-McCord Dry-goods Company and the Hargadine-McKittrick Dry-goods Company, we are inclined to think that this ruling is not reversible error, because it is not prejudicial to the rights of the particular plaintiffs. The contract was contemporaneous with the execution of the mortgage under which these particular plaintiffs claim, and should be considered and construed with the mortgage in this case as one transaction. The order of the court requiring the plaintiffs to plead this contract did not deprive them of the right to plead facts which would have shown that it was no longer obligatory upon them; they could have thus avoided the damaging force of this contract. There was, however, no attempt on the part of the plaintiffs to do this. Their petition, so amended, conceded the existence and validity of this contract. It could not, therefore, have been prejudicial to their rights to have it appear in the pleadings any more than to have it appear on the trial by way of defense.

The remaining question to be considered is whether the petition as amended stated a cause of action in favor of the plaintiffs, or any of them, against the defendants. It was stated in the petition that the mortgage executed to the Burlingame Bank and the R. P. Smith & Sons Company was a prior mortgage on the goods in question, and it was nowhere alleged

that said mortgage had been paid or satisfied, or in any way released. By the contract between the R. P. Smith & Sons Company and the Burlingame Bank, first mortgagees, and the Smith-McCord Dry-goods Company and the Hargardine-McKittrick Dry-goods Company, second mortgagees, and Burke, the latter was to remain in possession of the mortgaged stock as the joint agent of these mortgagees, they being tenants in common of the property. It is clear, therefore, that the Smith-McCord Dry-goods Company and the Hagardine-McKittrick Dry-goods Company cannot maintain replevin. To sustain replevin the plaintiffs must, at least as against the defendants, be entitled to the possession of the property sought to be recovered. This can never be the case between joint tenants, tenants in common, or coparceners; until there is a severance, no one of the owners can by law sustain a claim to the exclusive possession of the property. (*Ladd v. Billings*, 15 Mass. 14; *Kimball v. Thompson*, 4 Cush. 441, 50 Am. Dec. 799.) One tenant in common cannot maintain replevin against his cotenant for the possession of the joint property. (*Reinheimer v. Hemingway*, 35 Pa. 432; *Kindy v. Green*, 32 Mich. 310; Wells; Repl. § 152.)

The petition disclosing that the Smith-McCord Dry-goods Company and the Hargadine-McKittrick Dry-goods Company, the Burlingame Bank, and the R. P. Smith & Sons Company, were tenants in common of this property, and that Burke was in possession for all, no one of them can maintain replevin until there is a severance. The petition, therefore, as to these plaintiffs, does not state a cause of action and the demurrer was properly sustained.

As to the other plaintiffs in error, Phelps, Dodge & Palmer, Rothschild Bros., L. Beard & Co., and Hard-

ing & Co., we think the petition does not state a cause of action. The mortgage under which they claim recites that it is subject to the two mortgages before referred to. The petition shows that the several prior mortgagees are in the joint possession of said property under their mortgages, by their agent, defendant in error Burke, and it does not show any wrongful acts on the part of said tenants in common, or any of them ; nor that their debts have been satisfied ; nor that they are exercising any unlawful or unauthorized control over the property ; but, so far as the petition states, they are doing just what these plaintiffs agreed they might do when they took their mortgage. As to them the demurrer was properly sustained.

The judgment of the court below is affirmed.

CUNNINGHAM, POLLOCK, JJ., concurring.