Reemsnyder v. Reemsnyder.

HARVEY E. REEMSNYDER V. ALLIE L. REEM-
SNYDER *et al.*

No. 15,002   (89 Pac. 1014.)

SYLLABUS BY THE COURT.

1. CONVEYANCES—*Unnamed Grantee—Fraud Not Conclusively Shown.* Two brothers purchased a tract of land wholly on credit. The contract was written in the name of one of them, and upon the completion of payment a deed was executed to him. He died, and his brother brought suit against his heirs, who claimed to be the absolute owners of the property, to establish a right to a half interest in the land. The plaintiff's witnesses testified that when the sale was made the purchasers stated, as a reason for making the contract in the name of one of them, that the other was a surety for his father on a note at the bank. There was

evidence that the note was also secured by a chattel mortgage, and was paid in full before any payment was made on the land. *Held,* that this testimony did not justify sustaining a demurrer to the evidence upon the theory that it conclusively showed that the plaintiff's name was omitted from the papers for the purpose of defrauding the bank.

2. PARTNERSHIP—*Land Held by One Partner in Trust—Suit before an Accounting.* Assuming that the land belonged as partnership property to a firm composed of the brothers, the action described in the foregoing paragraph was not within the rule which prevents one partner from suing another upon a partnership transaction prior to an accounting.

3. PLEADINGS—*Amended Petition—Original Superseded—Latter as Evidence.* Where a complete amended petition is filed it supersedes the plaintiff's original pleading, the allegations of which are no longer absolutely binding upon him, although they may constitute evidence against him.

4. PARTNERSHIP—*Evidence—Suit for Partition.* The evidence in this case examined and held not to show conclusively that the land in question was partnership property, and thereby to forbid a suit for partition prior to an accounting.

Error from Ellis district court; JAMES H. REEDER, judge. Opinion filed April 6, 1907. Reversed.

*H. L. Pestana,* and *W. E. Saum,* for plaintiff in error.

*C. W. Reeder, E. A. Rea,* and *Hurd & Hurd,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: Otto H. Reemsnyder died intestate April 12, 1905, while holding the legal title to a tract of land. His brother, Harvey E. Reemsnyder, brought a suit against Otto's heirs, claiming such title to have been held for the benefit of both of them and asking that he be decreed to own an undivided half interest in the land and that it be partitioned. A demurrer to the plaintiff's evidence was sustained, and this proceeding is brought to review that ruling.

The evidence tended to show this situation: The

brothers as equal partners had been engaged in the business of farming, using for the purpose a half-section of land which they rented from their father. In 1896 they negotiated for the purchase of an adjoining half-section—the tract now in controversy—for $920, wholly upon credit. The owner executed a contract giving immediate possession and providing for the execution of a deed upon the completion of the payment of the purchase-price. At this time the father was indebted to a bank upon a note for $1400, which Harvey Reemsnyder had signed as surety, and which was further secured by a chattel mortgage. Because of these facts the contract was drawn running to Otto Reemsnyder alone, although it was understood by all concerned that it was made for the benefit of both brothers. Within a few months, and before any part of the purchase-price of the land had been paid, the indebtedness to the bank was fully satisfied. The brothers managed the newly acquired land together in connection with their other business, and from time to time made payments upon it out of the proceeds of crops raised thereon. Payment having been completed, a deed was made in 1902, Otto Reemsnyder being named as grantee. No change was made in the handling of the property prior to the death of Otto Reemsnyder, which occurred April 12, 1905.

As appears from this statement, the evidence was abundant to establish that the plaintiff was entitled to half of the land, and the ruling of the trial court must be reversed unless some one of the following contentions made by the defendants is well founded: (1) The action is one for relief on the ground of fraud, which ripened when the deed was recorded and was barred by the statute of limitation in two years from that time. (2) The action is one to enforce a trust concerning lands not created by writing and therefore void under the statute. (Gen. Stat. 1901, § 7875.) (3) The plaintiff caused the full title to the land to be lodged in his brother for the purpose of

defrauding his creditor, and therefore the law will not aid him in an attempt to enforce his claim to it. (4) The action is one to enforce a demand arising out of a partnership transaction and cannot be maintained until there has been a settlement of the partnership business. These contentions will be considered in the order stated.

(1) No fraud is charged, and the action is not one for relief on the ground of fraud. Otto Reemsnyder's act in taking the deed to himself did not imply any denial of his brother's claim. The deed merely followed the contract, which was made in Otto's name by consent. No cause of action accrued in his lifetime and no statute of limitations has run in favor of his heirs.

(2) The general rule that a trust concerning lands can be created only by writing does not apply where by agreement and without any fraudulent intent the person to whom a conveyance is made is to hold the land or an interest therein in trust for the person who pays the purchase-price or a part of it. (*Rayl v. Rayl*, 58 Kan. 585, 50 Pac. 501.) Therefore the rule has no application here, unless it must be said that a fraudulent intent was shown. Whether that is the case will be discussed in the next paragraph.

(3) The familiar principle that the law will treat. a fraudulent conveyance as good between the parties, and refuse to give the grantor relief from the consequences of his own wrongful act, reaches the case where one who purchases and pays for land causes the title to be taken in the name of another for the purpose of avoiding the payment of a debt for which. he is surety. (*Weatherbee v. Cockrell*, 44 Kan. 380, 24 Pac. 417.) Here, however, the evidence does not: conclusively show that there was an intent to defraud, even if it has any tendency in that direction. So far as the record shows the only debt upon which Harvey Reemsnyder was liable at the time the contract was. made was that evidenced by his father's note, which.

was abundantly secured, and which in fact was paid in full within a few months, long before the deed was executed and before payment for the land was completed or even begun. The plaintiff himself did not testify as to why the contract was made in his brother's name. His father said that Otto proposed to take the title until the note was paid—that he and Otto did most of the talking. The agent of the seller who negotiated the sale said that Harvey did n't want the contract made to both of them because he was mixed up in a note of his father's and it might not be just the right thing; that Otto then said: "Make it in my name, if you are afraid of this note, and when we pay for it I will deed Harvey his share—his half." The same witness added: "These were the reasons they gave. The reason that Harvey did n't want in this deal, in case the land should be paid for and they should have some trouble with this note, he would be mixed up with his father on this note." In response to the question, "What did you say was the reason Harvey gave for not wanting his name in the contract?" he answered: "I did n't inquire; I did n't care; but he had complicated himself some way with his father." This is the substance of all the testimony bearing on the matter. It does not conclusively establish a purpose on the part of the plaintiff to defraud the bank, and is not fatal to his recovery.

(4) The plaintiff's petition set out two causes of action. The purpose of the first was to establish his right to an interest in the land; the purpose of the second was to cause it to be partitioned. So far as concerns his right to maintain an action upon the first count, it is immaterial whether the land was partnership property or belonged to the partners individually as tenants in common. The issue presented was whether the defendants, as they claimed, were its absolute owners, or whether, as the plaintiff claimed, they held the title in whole or in part in trust. Assuming that the evidence showed that the land was

an asset of the partnership, the case is not within the rule which prevents certain actions between partners before an accounting is had.

"The real reason for the rule is found in the inherent nature of the partnership relation, and consists simply in the fact that prior to an accounting and settlement of the partnership affairs no cause of action exists between the partners founded solely upon partnership dealings, except an equitable action for an accounting and settlement of the affairs of the partnership." (15 Encyc. Pl. & Pr. 1015.)

This reason can have no application to the plaintiff's first cause of action. His demand to be recognized as a part owner of the property, either individually or as a member of the firm, is in no way dependent upon the state of the partnership accounts, and cannot be affected by the result of an accounting.

"It is a general rule, often announced, that where the cause of action is distinct from the partnership accounts, and does not involve their consideration or require their examination, an action at law will lie thereon between partners." (15 Encyc. Pl. & Pr. 1034.)

With respect to the other branch of the case, assuming that a suit for the partition of partnership real estate will not lie prior to an accounting, it remains to inquire whether upon a demurrer to the evidence it was necessary to consider the land in controversy as belonging to the firm. There were expressions in the original petition filed by the plaintiff which the defendants claim committed him to that theory of the matter. These expressions, however, were omitted from the amended petition, on which the hearing was had. While they were competent evidence against the plaintiff they did not absolutely conclude him. Where a complete amended pleading is filed it supersedes that for which it is substituted, which can no longer be looked upon as defining the issues. (1 Encyc. Pl. & Pr. 625, 626.) There was a lack of direct evidence as to the character of the

ownership of the land, the plaintiff being disqualified by his brother's death from testifying concerning the transactions had between them. Whether property belongs to a firm or to the members of the firm individually is a question of intention. (22 A. & E. Encycl. of L. 88, 89.) And it is said that the intention that realty shall become partnership property must be distinctly manifested. (22 A. & E. Encycl. of L. 90, note 1. See, also, *Robinson Bank v. Miller,* 153 Ill. 244, 38 N. E. 1078, 27 L. R. A. 449, 46 Am. St. Rep. 883.) It is to be noted that the Reemsnyders were not engaged in dealing in real estate, and originally they owned no land at all, their operations being conducted by means of that rented from their father. Moreover, there was evidence that payment for the land in controversy was made, not out of the general funds of the partnership, but from the proceeds of crops grown on this very tract. In volume 22 of the American and English Encyclopædia of Law, at page 92, it is said:

"Where several persons are coowners of land, and are partners merely as to the profits made by the use of the land, and not as to the land itself, other land purchased by them out of the profits to be used in like manner will, in the absence of an agreement to the contrary, belong to them as coowners, and not as partners."

This text, however, rests upon the authority of *Steward v. Blakeway,* L. R. 4 Ch. (Eng.) *603, which has been doubted. ( See George, Part. § 47.) It is hardly possible to resolve the question here presented upon any general rule. It has necessarily to be determined from inferences to be drawn from all the facts of the case. We think it cannot be said that the evidence, viewed in the aspect most favorable to the plaintiff, compels the conclusion that the brothers intended that the land they purchased should become a part of the partnership assets.

The judgment is therefore reversed and the cause remanded for further proceedings.