## W. H. DEWEY V. R. L. BOBBITT.

No. 15,844.    (100 Pac. 77.)

SYLLABUS BY THE COURT.

1. REPLEVIN — *Defenses Provable Under a General Denial.* In an action for the recovery of specific personal property the defendant, answering by general denial only, may prove any defense whatever to the action. (*White v. Gemeny*, 47 Kan. 741, 28 Pac. 1011; *Street v. Morgan*, 64 Kan. 85, 67 Pac. 448.)

2. NEGOTIABLE INSTRUMENTS—*Failure of Consideration—Notice.* Where the plaintiff's right of recovery depends upon the non-payment of a promissory note when due, which note is secured by a chattel mortgage on the property in question, and the plaintiff is an indorsee of the note and assignee of the mortgage, the defendant may prove an entire or partial failure of the consideration of the note (1) if the note was transferred after maturity, or (2) if the plaintiff had notice of the defense before the transfer of the note.

3. REPLEVIN—*Purchaser of Note and Mortgage—Failure of Consideration.* If, under the rule stated in paragraph 2, the defendant prove an entire failure of the consideration of the note, he is entitled to judgment; if he prove a partial failure only, the plaintiff is entitled to judgment, and the measure of his interest in the property is the difference between the full amount of the note and the sum for which the failure of consideration is proved, provided such difference be not greater than the value of the property in question.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed February 6, 1909. Reversed.

STATEMENT.

THIS action was brought by the plaintiff in error to recover personal property of the total alleged value of $455, which had been mortgaged by the defendant, Bobbitt, to one Goodin.

The plaintiff claims that before its maturity he bought of Goodin for $500 a note which was secured by a chattel mortgage on the property, and after the maturity of the note demanded possession of the mortgaged property, which was refused, and this action was brought to recover it.

The defendant answered by a general denial. The court holding that the burden of proof was on the defendant, the defendant introduced evidence tending to show that there was a failure of the consideration for the note, and that plaintiff had full notice thereof before he purchased the note; that in the transaction in which the note was given Goodin was to sell and deliver to defendant, as a part of the consideration for the note, seventy-five to one hundred bread-cases, which were worth from $6 to $7.50 each, and that he in fact delivered only twenty-one of them.

The jury returned a verdict in favor of the defendant, a motion for a new trial was denied, and judgment was rendered accordingly.

*Kos Harris,* and *V. Harris,* for plaintiff in error.

*John W. Adams,* and *George W. Adams,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: If the plaintiff did not actually buy the note secured by the mortgage before maturity, or if before the purchase he had notice of the defense thereto, any defense that could have been made against an action by Goodin could also be made against an action by the plaintiff, but the transfer of the note and mortgage from Goodin to the plaintiff was sufficient in any event to protect the defendant against any future action on the mortgage or note by Goodin. No defense is available to the defendant in this case that would not have been available to him if no transfer had been made and the action had been brought by Goodin instead of the plaintiff.

In an action for the recovery of specific personal property the gist of the action is the unlawful detention, and under a general denial to a petition asserting such detention any defense may be proved that militates against the plaintiff's recovery. (*White v. Gem-*

Dewey v. Bobbitt.

*eny,* 47 Kan. 741, 28 Pac. 1011, 27 Am. St. Rep. 320; *Street v. Morgan,* 64 Kan. 85, 67 Pac. 448.)

On the trial the defendant introduced evidence tending to prove that the note and mortgage in question were given to secure the payment of a part of the purchase-price of a bakery and personal property used in connection therewith, including seventy-five to one hundred bread-cases, of the value of from $6 to $7.50 each; that only twenty-one of the bread-cases had been delivered; and that Goodin either did not have, or failed to deliver on demand, the remainder thereof. This was substantially the only defense.

There was evidence tending to show that at the time of the sale from Goodin to the defendant there were one or two bread-cases that were worth from $10 to $15 each, but the evidence does not show whether or not these latter were among the bread-cases received by the defendant.

The contract to deliver seventy-five to one hundred bread-cases suggests by the language used that the number was to some extent an estimate, and, in the absence of evidence that Goodin actually had more than seventy-five bread-cases, the contract can not be construed as obligating him to deliver more than that number. If there was a total failure of consideration for the amount due upon the note the plaintiff was not entitled to recover in the action, and the verdict and judgment in the court below are right. If, however, the failure of consideration was only partial, the plaintiff was entitled to recover possession of the property, and the value of his interest therein would be the remainder due upon the note after deducting the sum for which there was a failure of consideration.

Now, the evidence, at most, shows that there was a failure to deliver fifty-four bread-cases, twenty-one being admitted to have been received, and these fifty-four at $7.50, the highest price stated, were worth only $405, which is less than the amount due upon the note.

The plaintiff was entitled to recover possession of the property and to sell it, if the value of his interest therein were not paid, to satisfy this remaining indebtedness.

The judgment of the court is reversed, and the case is remanded for a new trial.