No. 20,928.

W. H. MORRISON, *Appellant*, v. FRANK H. MONTGOMERY, *Appellee*.

SYLLABUS BY THE COURT.

1. REPLEVIN — *Chattel-mortgaged Property* — *Sold by Mortgagor* — *Liability of Purchaser*. The defendant having purchased and disposed of the wheat in controversy from the mortgagor while the instrument was on record, he may be required by the mortgagee to answer for the value of such wheat.

2. SAME—*Tender of Check—Not Tender of Payment*. An offer by the mortgagor to the plaintiff of the check of the purchaser made to such mortgagor was not a tender of payment of the mortgage debt.

3. SAME. Such offer being the only evidence to show tender, it was error to charge that if the jury found an offer of actual payment the defendant would be entitled to recover.

4. SAME—*Wheat*—*Measure of Damages.* In such action, brought a long time after the purchase and disposal of the wheat by the defendant, its value when so purchased is the proper basis for the measure of damages.

Appeal from Rooks district court; CHARLES I. SPARKS, judge. Opinion filed November 10, 1917. Reversed.

*C. W. Smith,* of Topeka, for the appellant.

*O. O. Osborn,* and *F. E. Young,* both of Stockton, for the appellee; *A. M. Harvey,* of Topeka, of counsel.

The opinion of the court was delivered by

WEST, J.: The plaintiff, claiming under a chattel mortgage, sued in replevin to recover certain wheat or its value claimed to have been sold to the defendant, and from an adverse judgment appeals. The mortgage was made in September, 1913, the description being:

"One-half of wheat now sown by the undersigned on the farm owned by F. W. Sweeney, being on the S. E. ¼ of Sec. 21, Twp. 8, Range 18, being all the wheat sown by me on land of F. W. Sweeney, whether on this quarter above mentioned, or on other quarters."

The instrument was duly recorded. The debt became due on July 1, 1914, and in September following, the plaintiff began an action against the mortgagors for judgment and foreclosure, and judgment in his favor was rendered in January, 1915, giving him a lien on the property described. In September, 1915, an order of sale was issued and returned not showing any wheat taken or sold. It appears that succeeding the harvest of 1914 the wheat in controversy was by the mortgagor sold to the defendant, who, like the plaintiff, was engaged in the elevator and grain business at Stockton. There is some dispute as to a portion of the wheat claimed by the defendant to have been raised on Sweeney land, not covered by the mortgage; but, however that may be, the major part of the wheat covered by the mortgage was purchased of the mortgagor by the defendant. The plaintiff testified that some time before the 10th of August, 1914, he went to the defendant's office and had a talk about the mortgaged wheat, and asked him to give the figures, the amount of wheat which the mortgagor had got from the Sweeney farm, to which the de-

fendant replied that he did not know just what came from the Sweeney farm. It is without dispute that the defendant purchased the wheat while the mortgage was on record, and from the conversation referred to it is plain that shortly thereafter he understood in fact that it was mortgaged.

Criticism is made touching the delay and motive on the part of the plaintiff in regard to this action, and it is urged that for divers reasons he is estopped; but under the facts and authorities it does not appear that the lien of the mortgage has been lost or destroyed.

After the wheat had been purchased by the defendant, the mortgagor received from him a check for $500, which check he offered to the plaintiff and which was by the latter refused. Had this offer been a tender in lawful money it might have tolled the lien of the mortgage, but apparently it was only of the unindorsed check. While this offer is treated by the defendant as a mere circumstance or occurrence in the history of the dealings between the parties, the trial court seemed to regard it as a tender of payment. The jury were charged:

"If you find by a preponderance of the evidence that plaintiff was offered actual payment by Blaser, either in whole or part, for any or all of the wheat claimed by the plaintiff herein, you are instructed that in such a case plaintiff would not be entitled to recover such amount so offered, from the defendant herein."

As the only evidence of a tender was that concerning the check and as the verdict was for the defendant, it is probable, if not conclusive, that the jury regarded this as a proffer of actual payment. The mere proposal to turn over to the plaintiff the check of the defendant did not constitute a tender of the amount of money named in such check. (28 A. & E. Encycl. of L., 2d ed., 25; *Holmes v. Holmes,* 12 Barb. [N. Y.] 137; *Kermeyer v. Newby,* 14 Kan. 164; *Mordis v. Kennedy,* 23 Kan. 408; *Mullins v. Brown,* 32 Kan. 312, 4 Pac. 305; *Bank v. Brown,* 80 Kan. 520, 103 Pac. 102.)

The instruction complained of was covered by the motion for new trial and is urged as error by the plaintiff, and under the facts of the case it was erroneous, and there is nothing to indicate that it was cured by any other part of the charge.

Counsel suggests that the plaintiff purposely waited for the price of wheat to rise so as to measure the damages by the

price at the time of trial rather than at the time of the purchase by the defendant. The plaintiff argues that the former is the correct rule. The authorities as to the time the measure of damages in such actions is to be fixed are in considerable conflict, but under the circumstances of this case the plaintiff could not enhance his damages by a delay in bringing the action, and the price of the wheat at the time it was purchased by the defendant was the proper basis for measuring the damages. (*Russell v. Smith,* 14 Kan. 366; 14 M. A. L., p. 80, § 63; 13 Cyc. 170; 34 Cyc. 1570; 8 R. C. L., p. 489, § 49.)

On account of the erroneous instruction the judgment is reversed and the cause remanded for further proceedings in accordance herewith.