No. 21,716.

### C. E. WYATT, *Appellant*, v. THE STATE LINE OIL AND GAS COMPANY, A. BENSON and W. J. BOVAIRD, *Appellees.*

#### SYLLABUS BY THE COURT.

PLEADINGS—*Foreclosure of Real-estate Contract—Amended Petition—No Cause of Action Stated.* In a suit to quiet title the court gave judgment against plaintiff, but permitted him upon payment of the costs to file an amended petition to foreclose a contract in the nature of a mortgage upon the real estate. *Held*, that the amended petition fails to state facts showing a cause of action against the defendants, and that the petition cannot be aided by the pleadings, testimony, or rulings in the first trial.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed October 12, 1918. Affirmed.

*Hal R. Clark,* and *P. L. Courtright,* both of Independence, for the appellant.

*W. N. Banks,* and *O. L. O'Brien,* both of Independence, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The plaintiff appeals from an order sustaining a demurrer to his petition.

The petition alleged that one G. S. Wyatt (who is the father of the plaintiff) was originally the owner and in possession of thirty-six acres of land in Montgomery county and had made a contract for a deed, by which he agreed to convey the land to J. W. Vaughn at the end of five years upon certain payments being made. It alleged that after this contract had been executed Vaughn released and relinquished his interest in the land, and that thereafter G. S. Wyatt conveyed the premises by warranty deed to the plaintiff, and that Vaughn and all

parties claiming any rights through him failed and refused to
comply with the terms of the contract, and that by reason of
such failure plaintiff is entitled to foreclose the contract. The
petition alleged that there was then due and owing upon the
contract $4,300, for which judgment was asked against the
defendants, and that the contract be foreclosed and the judg-
ment declared to be a first lien upon any rights the defendant
had in the land. There was nothing in the petition to show
what, if any, interest the defendants had or claimed in the land,
and no facts were stated to show that any of them had become
interested in the contract for the deed or had assumed the liabil-
ity of Vaughn. Obviously, this was the ground upon which
the court sustained the demurrer.

The abstract sets out in full all the proceedings on a former
suit between the same parties, including the testimony and
pleadings, and apparently plaintiff was proceeding under the
theory that it was the duty of the trial court to take judicial
notice of these, as well as of all rulings and orders made in the
former trial. The action was originally commenced as one to
quiet title. The gas company answered the original petition
admitting ownership of the lease executed by Vaughn and
attaching a copy thereof, and further alleging that with the
knowledge and consent of G. S. Wyatt the company drilled a
producing gas well and was still in possession of the land
under the lease, and that G. S. Wyatt had relinquished in writ-
ing to the company his right to the oil and gas under the lands,
with the further agreement that in case Vaughn forfeited his
rights under the contract for a deed Wyatt should be sub-
stituted to Vaughn's rights under the lease. It alleged that
when plaintiff attempted to acquire title from his father he had
full knowledge of all the facts set forth in the answer, and that
his rights in the lands are subject to those of the defendant
company as lessee. There was a trial upon these issues in
which the court found in defendants' favor, and held that the
lease executed by Vaughn is valid, and that the gas company
is entitled to seven-eighths of the proceeds from the sale of the
gas, and plaintiff to his one-eighth royalty. It appears from
the abstract also that the court at that time held that plaintiff
has the right, as against the defendants, to foreclose his con-
tract with Vaughn as a mortgage, that the gas company is en-

titled to an accounting upon such foreclosure; and in the decree the court gave plaintiff permission to amend his petition for the purpose of foreclosing the mortgage, on condition that he pay the costs of the action that had accrued, and judgment was rendered against him for costs. Thereafter, plaintiff filed one amended petition and later another to which the court sustained the demurrer, and this ruling is the one complained of.

We are unable to see in what way the evidence on the former suit has any bearing upon the ruling sustaining the demurrer. While this is a suit between the same parties, it is not the same one that was before the court at the first trial. The issues in that suit were decided against plaintiff, and judgment was rendered against him. In order to avoid the necessity of a new summons and the formal commencement of a new suit, the court, having held that plaintiff had the right to foreclose his contract as a mortgage, gave him leave to pay the costs that had accrued and to file an amended petition in foreclosure. None of the proceedings on the former trial has any place in the abstract. All the abstract should contain is a copy of the petition, the demurrer, and the ruling thereon. The petition does not attempt to make the testimony or the findings or conclusions of the trial court in the first suit a part of the petition. It states no facts to connect the defendants with the contract between Vaughn and plaintiff's grantor. There is no suggestion that the defendants have assumed any liabilities under Vaughn's contract. There is the bare allegation that all of them have neglected and refused to comply with the terms of the contract, and that it is subject to foreclosure. The former pleadings at that time had served their purpose and formed no part of the pleadings in the present suit. It has been held that "where a complete pleading is filed, it supersedes that for which it is substituted, which can no longer be looked upon as defining the issues." (*Reemsnyder v. Reemsnyder*, 75 Kan. 565, 89 Pac. 1014.)

It is very clear, we think, that the third amended petition states no cause of action against the defendants, and that the demurrer was properly sustained.

The judgment is affirmed.

MARSHALL, J., not sitting.