No. 22,010.

W. H. MORRISON, *Appellant*, v. FRANK U. MONTGOMERY, *Appellee*.

### SYLLABUS BY THE COURT.

1. APPEAL—*Reversal—Subsequent Trial De Novo.* Where there is a reversal of a judgment and the case is remanded for a new trial on all the issues, the parties are not confined to the line of proof in the new trial which was presented on the first trial, but are at liberty to prove a new state of facts which are within the issues formed by the pleadings.

2. ADMISSIONS—*Admissions of Facts on First Trial—How Far Binding in Subsequent Trial.* A distinct and formal admission of a fact in the course of a trial may be given in evidence in a subsequent trial, but an incidental statement of counsel by way of argument in his brief upon an appeal in relation to the execution of a mortgage is not conclusive upon him in the new trial thereafter had.

3. SAME—*When Unavailable.* The making of such a statement or admission will not avail a party where he fails to offer it in evidence and does not bring it to the attention of the trial court until after a verdict has been returned and a motion for a new trial has been filed.

4. SAME—*Binding on Parties to Suit Only.* An admission of the mortgagor in an action to which the defendant in this proceeding was not a party, and who was not a party in the instant case, is not binding upon the defendant.

5. TRIAL—*Evidence.* The evidence in the case is held to be sufficient to support the verdict of the jury.

Appeal from Rooks district court; CHARLES I. SPARKS, judge. Opinion filed November 8, 1919. Affirmed.

*C. W. Smith,* of Topeka, for the appellant.

*O. O. Osborn, F. E. Young,* both of Stockton, *Robert Stone, George T. McDermott, E. H. Gamble, A. M. Harvey, Thomas A. Lee,* and *H. O. Caster,* all of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: W. H. Morrison brought this action to recover from Frank U. Montgomery one-half of a crop of wheat grown by Ernest Blazier on farms which he had rented of F. W. Sweeney. On September 22, 1913, Blazier executed a chattel mortgage to Morrison purporting to cover his share of the growing crop, as security for an indebtedness of about $700. In July, 1914, after the crop had been threshed, Blazier sold his share of the same to Montgomery. By the terms of the mortgage the lien was extended over two tracts, one of fifty acres and one of one hundred acres, but it seems to have been conceded that fifty acres of the crop had not been planted when the mortgage was executed, and hence there is no contention over the crop grown on that tract. The plaintiff contended that the crop upon the one-hundred-acre tract had been planted several days before the execution of the mortgage. In July, 1914, Morrison brought an action against Blazier and foreclosed his mortgage as against him, but Montgomery was not a party to that action. When plaintiff found that the wheat had been sold to Montgomery, and when it was not delivered on demand, he undertook to obtain possession of it in this action of replevin, and the first trial resulted in a verdict and judgment for defendant. On an appeal that judgment was reversed for error in the instructions relating to the effect of a tender by Blazier to plaintiff on an unindorsed check. (*Morrison v. Montgomery,* 101 Kan. 670, 168 Pac. 674.) The second trial resulted in a verdict and judgment in favor of Montgomery, and Morrison again appeals.

It is contended by the plaintiff that in the second trial the defendant was estopped to set up the invalidity of the mortgage on the crop grown on the one-hundred-acre tract. In that trial two witnesses testified that the crop was not planted when the mortgage was executed, and based on this testimony a finding of the jury was made in favor of the defendant. Counsel for defendant in their brief filed on the first appeal spoke

several times of the mortgage, saying, in effect, that one hundred acres of the wheat was covered by the Blazier mortgage, and plaintiff insists that these statements concluded the defendant on the second trial as to the validity of the mortgage. In the new trial the plaintiff in his statement to the jury said that he thought it would be admitted that the wheat was sown on the one-hundred-acre tract when the mortgage was executed, and that the mortgage created a lien on that part of the crop. The defendant's statement to the jury followed, in which he made no admission, saying:

"I am sorry I cannot give you a little more light upon this case; but being on the defense, we must necessarily wait until the case is made, before we know exactly what evidence we *will*, or what evidence we *can* produce."

At the final trial evidence attacking the validity of the mortgage was presented, and also evidence as to whether the wheat had been planted when the mortgage was executed. It was received without objection by the plaintiff, as if the planting of the crop prior to the signing of the mortgage was a vital issue in the case. Not only that, but plaintiff himself introduced testimony tending to show that the crop had been planted and therefore had a potential existence when the mortgage was given.

It must be held that the declarations or admissions of the defendant in his brief on the former appeal, whatever force they might have had under other circumstances, cannot avail the defendant in this appeal. When the former judgment was reversed and the case was remanded for a new trial, the parties were not confined to the line of proof offered on the first trial, but were at liberty to prove a new state of facts which were within the issues formed by the pleadings. (*Cahn v. Tootle*, 58 Kan. 260, 48 Pac. 919.) The answer of the defendant was a general denial, and under such a pleading in replevin the defendant was entitled to prove any defense which militated against a recovery by the plaintiff. (*Dewey v. Bobbitt*, 79 Kan. 505, 100 Pac. 77.) The declarations incidentally made by way of argument were no more than quasi admissions which might be offered in evidence, but were subject to explanation and correction. It has been held that an admission in an opening statement to the jury might be proved on a subsequent trial of the same cause, but it was also held that:

"An incidental remark of counsel as to the facts which he expected to prove and which did not amount to a distinct and formal admission, would ordinarily not be binding upon such party," etc. (*Telephone Co. v. Vandevort*, 67 Kan. 269, 272, 72 Pac. 771.)

A statement of facts in a pleading does not conclude a party where an amended petition is filed which supersedes the original one. The allegations in the former are not absolutely binding upon the plaintiff, although they may be used as evidence against him. (*Reemsnyder v. Reemsnyder*, 75 Kan. 565, 89 Pac. 1014.)

An admission of a fact by an attorney, formally and solemnly made for the purpose of obviating the offer of formal proof of some fact, or to facilitate the progress of the trial, may be given in evidence upon a subsequent trial, and in this connection it has been said:

"But perhaps more often, especially in reference to oral admissions, it is uncertain whether they were intended as general admissions, like admissions in a pleading, by which the party intends to stand at all times, or as a mere waiver of proof, for the purposes of facilitating the pending trial. Then the tribunal to determine what was the import and intent of the admission is the jury before which the case is then pending for hearing." (*C. B. U. P. Rld. Co. v. Shoup*, 28 Kan. 394, 397.)

Here, the so-called admissions made by way of argument were not offered in evidence during the trial, nor brought to the attention of the court until the motion for a new trial was filed. Although the statements of counsel might have been received in evidence, the attempt to bring them into the case after having contested the issue through to an adverse verdict, and without presenting them to the jury, came too late. It appears that Blazier made admissions which might be held binding as to him, but he is not a party to this action, and the defendant was not a party in the action in which the admissions were made. His admissions, therefore, can have no effect on the defendant.

Error was assigned on the failure to instruct the jury as to the effect of the admissions, but as they were not mentioned in any pleading nor invoked by the evidence, there was no basis for an instruction on the subject.

The sufficiency of the evidence is challenged, and, while that offered in behalf of the plaintiff on the main question may

seem more reasonable and convincing to this court than that of the defendant, there is unquestionably sufficient evidence to sustain the view of the jury, whose function it was to settle the disputed questions of fact.

The judgment is affirmed.