No. 23,109.

THE AMUSEMENT SYNDICATE COMPANY, *Appellant*, v. E. L. MARTLING and ERNEST S. BRIGHAM, *Appellees.*

SYLLABUS BY THE COURT.

1. REPLEVIN—*One Partner Not Entitled to Exclusive Possession of Partnership Property.* One partner is not entitled to the exclusive possession of the partnership property, and when a controversy arises as to the interests held by each no one of them can maintain replevin against the others until the interests and equities of the partners have been adjusted.

2. SAME—*Partnership Property—Proper Judgment.* In an action of replevin by a partner not entitled to that remedy, a general judgment against one or the other of the parties should not be rendered, but it should show that the rights and equities of the parties in the property had not been determined, followed by a dismissal of the action.

Appeal from Sedgwick district court, division No. 1; RICHARD E. BIRD, judge. Opinion filed April 9, 1921. Reversed.

*J. D. Houston, T. A. Noftzger, George W. Cox,* and *W. R. Glass,* all of Wichita, for the appellant.

*O. H. Bentley, D. M. Dale, S. B. Amidon, S. A. Buckland,* and *H. W. Hart,* all of Wichita, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action of replevin to recover possession of a bill-posting plant, the absolute ownership of which was claimed by the plaintiff, and in which the defendants claimed to own an interest. After an elaborate opening statement by counsel for plaintiff, a motion by the defendants for judgment on the pleadings and statement was sustained. On a motion for a new trial evidence of a court proceeding involving another contract between the president of the plaintiff

and defendants was received and considered, and finally the court held in effect that replevin could not be maintained, but that the matter should be tried in an equitable proceeding to determine the partnership interests and respective rights of the parties in the property. However, instead of dismissing the action, the court gave a general judgment in favor of the defendants, from which plaintiff appeals.

It was made to appear that in 1911 a contract was made between the plaintiff and the defendant, Martling, which was termed a lease of the bill-posting plant for $6,500, the estimated value of one-half of the plant, payment therefor to be made in apportioned installments from time to time, during a period of five years, and stipulating that when the payments were all made the plaintiff should execute a bill of sale of a one-half interest in the plant. In connection with the execution of this contract and on the same day, L. M. Crawford, president of the plaintiff, for himself and the plaintiff, made another agreement with Martling relating to the operation of two theaters and the bill-posting plant. It recited that Martling had purchased a half interest in the bill-posting plant, and that the theaters and bill-posting plant should be conducted on an equal partnership basis, Martling to act as local manager at a compensation of $35 per week, and that each should share equally in the profits and losses of the business. Only a part of the installments which Martling undertook to pay within the five-year period were paid, but the business was continued upon the same plan and relationship until 1918, more than two years beyond the time fixed for the last payment. While there was default in some of the payments there was no provision in the contract for forfeiture because of such defaults nor for the surrender of the property. It was recited that time was of the essence of the contract, but it was not so treated by the plaintiff as it allowed Martling to continue in the use and possession of the property and accepted payments years after the defaults were made, and his interest and right to possession were not challenged until more than two years after the prescribed five-year period for making payments had expired. The conceded facts show clearly enough that the so-called lease was a contract of sale, and it was so designated in the contract made on the same day, and Martling was subsequently treated as a partner and the owner of a half interest in the property. In another action

brought by L. M. Crawford, the president of the plaintiff, before the judgment in this case was finally rendered, he alleged that a partnership existed with Martling, and charged that in the conduct of the business the defendant had failed to keep accounts and had not faithfully conducted the business, but had converted funds belonging to the partnership to his own use. He therefore asked for a dissolution of the partnership and an accounting of its business. Obviously the plaintiff did not have the absolute ownership of the property and the exclusive right to its possession. It did own a large joint interest in the property but did not have the right to the possession of any particular part of it. The defendant had an interest as partner and a right of possession with the plaintiff, and replevin can never be maintained against one having the right of possession. (*Rucker v. Donovan & Feiferlich,* 13 Kan. 251.) It has been held:

"To sustain replevin the plaintiff must, at least as against the defendants, be entitled to the possession of the property sought to be recovered. This can never be the case between joint tenants, tenants in common, or coparceners; until there is a severance, no one of the owners can by law sustain a claim to the exclusive possession of the property." (*Smith-McCord v. Burke,* 63 Kan. 740, 744, 66 Pac. 1036.)

Being joint owners of the property the possession of one partner is deemed to be the possession of all, and when a controversy arises as to the interest of each no one of them can maintain replevin as against the other until the interests and equities of the partners have been adjusted. It has been said:

"As firm property is not owned by the partners in severalty, but belongs to the partnership, it follows that neither partner is entitled to exclusive possession of the firm estate, or of any item of property composing it. If a partner wrongfully asserts such exclusive possession the other partners may obtain relief in equity, but they cannot maintain a purely possessory action at common law." (30 Cyc. 445.)

There is reason to complain of the judgment that was rendered as it is open to the implication that the claims of the defendants had been determined in their favor. It should be adjudged that the plaintiff was not entitled to the remedy of replevin and should show clearly that the rights and equities of the parties had not been adjudged in the case, followed by a dismissal of the action.

The cause will be remanded with the direction to modify the judgment to the extent indicated.