No. 23,062.

W. H. FENLEY AND FRANKLIN WALTON ·FENLEY, *Appellees*, v̇. RALPH GARVIN, *Appellant*.

SYLLABUS BY THE COURT.

1. REPLEVIN — *Pleading and Admission of Defendant's Counsel — Warranted Judgment for Plaintiff.* Under the pleadings, and statement of the defendant's counsel as set forth in the abstract, it was not error to render judgment for the plaintiffs.
2. SAME. Had the defendant claimed, at the time of trial, the right to retain possession of the personal property involved until the partnership affairs between himself and the junior plaintiff should be adjusted it would have been error to render judgment for the plaintiffs; but no such claim being made, the plaintiffs, in view of the defendant's admissions, were entitled to recover.

Appeal from Doniphan district court; WILLIAM I. STUART, judge. Opinion filed June 11, 1921. Affirmed.

*C. V. Hickman,* of Troy, *Bennett R. Wheeler, S. M. Brewster,* and *John L. Hunt,* all of Topeka, for the appellant.

*J. J. Baker,* of Troy, for the appellees.

The opinion of the court was delivered by

WEST, J.: The defendant appeals from a judgment rendered on the pleadings and the opening statement of his counsel.

In October, 1917, W. H. Fenley sued the defendant in replevin, alleging that he was entitled to the immediate possession of a Ford roadster, a pair of mules, a Bain wagon and work harness, and certain money then alleged to be on deposit. It was averred that the plaintiff's son, Franklin Walton Fenley, having been called to serve in the world war, had left this property for safe-keeping in the hands of the defendant, who refused to turn it over to W. H. Fenley on a written order from the son, a copy of which was attached to the petition. The order was dated October 7, 1917, and directed the defendant to turn over $408.18 "left by me with you for safe keeping,"

and also the other personal property. The answer was a general denial.

November 15, 1917, the plaintiff filed a supplemental petition, claiming damages for the use of the Ford roadster. April 2, 1918, after a continuance had been had, the court ordered the case off the docket on account of the son's absence in the service. October 4, 1919, the son having returned, he applied to be made a party, alleging in his motion that he had given the written order to the defendant for the immediate possession of the property named therein and had instructed and authorized his father to begin suit for possession thereof and "that he now ratifies all the acts done by the plaintiff in bringing this action." The motion was granted, and on December 13, 1919, the plaintiffs filed their amended petition, making the same allegations as theretofore made, and prayed judgment for possession of the personal property and for $474.20, the amount of the check cashed by the defendant with interest thereon from September 21, 1917, at six per cent. To this amended petition the defendant demurred and the demurrer was overruled. The plaintiffs were given leave to dismiss that part of the amended petition touching the check, and filed a second amended petition on February 9, 1920.

When the case came on for trial, after the plaintiffs had made their opening statement, the defendant's counsel made a statement on which the court rendered judgment in favor of the plaintiffs, finding that the defendant wrongfully detained from the plaintiffs the property replevined, and ordering that they have judgment for the immediate possession thereof and for costs.

It is said that this statement was not taken down at the time, and that the court prepared and had filed the statement of the case to the jury on the part of the defendant. In this statement it is said that Fenley, jr., and the defendant had been friends before the war and discussed a proposition of becoming partners in a farming operation, and buying apples and other property; "that along in the summer or early fall of 1917, . . . it was agreed between the plaintiff, Fenley, jr., and the defendant, Garvin, that they would enter into such partnership, and they would rent a farm and begin farming operations March 1, 1918; and that the plaintiff, Fenley, jr., who was the owner of all the personal property in controversy, including the money in the bank, agreed to turn over to the defendant, Garvin, such personal property, and it was agreed that the defendant, Garvin, should look after some growing crops that the plaintiff, Fenley,

jr., then had growing upon some land in Doniphan county"; further, that Garvin was to use the money and all the personal property in such partnership business, which was to continue until Fenley, jr., returned from the army, when such personal property should be turned back to him, the defendant sharing alike with him in the proceeds; that in the fall of 1917, Fenley, jr., wrote the defendant from Camp Funston that he wanted him to turn over part of the personal property "other than the money to-his father, Fenley, sr., in order to mollify and satisfy him, but that he wanted the defendant Garvin to be sure and keep the span of mules, harness and wagon"; that Garvin refused to honor the written order and "for the reason that he had such partnership contract with the plaintiff, Fenley, jr., insisted on his right to retain possession of all the property"; that the soldier returned in the summer of 1919, and the defendant, Garvin—

"Did not make any contention that the plaintiff, Fenley, jr., was not entitled to the possession of all of the property after his return from the army in the summer of 1919. But the defendant, Garvin, contended that in this action, which is a replevin action, that the gist of the action was the right to the possession of the property at the time of the commencement of the action, and that the plaintiff, Fenley, sr., had no right to the possession of such property, and that the plaintiff, Fenley, jr., was not a party to such action when it was originally brought, and had never given any replevin bond in such action, and that by reason of all of which the defendant, Garvin, was entitled to a verdict in the case."

The defendant suggests in his brief that the trial court took the view that the partnership contract was void because not in writing, but we find nothing in the record to indicate what the views of the court were, further than the language of the journal entry of judgment.

Counsel for the plaintiffs states in his brief that "the attorney for Garvin in open court, said that Fenley was entitled to the possession of all the property replevined, and the court said if Franklin Walton Fenley was entitled to the possession of the property ever since his return from France, that he is entitled to it now, and so rendered his judgment." It was stated by defendant's counsel that when the written order was presented, Garvin, "on account of and for the reason that he had such partnership contract with the plaintiff, Fenley, jr., insisted on his rights to retain possession of all of the property." But following this was the statement that Garvin made no contention "that the plaintiff Fenley, jr., was not en-

titled to the possesion of all of the property after his return from the army in the summer of 1919."

There is no other claim made in the record or in the briefs that the defendant, at the time of the trial, claimed the right to retain possession on account of the partnership agreement. On the contrary, he seems to have fully conceded the right of Fenley, jr., to possession immediately after his return from the war, which was some months before the case was tried. Counsel for the plaintiffs say: "Garvin's possession of the property was lawful and continued lawful until the partnership business was settled," also, that under the partnership agreement young Fenley would probably have been entitled to retain all the property "upon the settlement and adjustment of the partnership business, but that was a matter not in litigation in this suit, no claim being made by Franklin Walton Fenley except as set out in the petition which is printed in full in the abstract."

If the partnership arrangements and property interests are still unsettled and undisposed of as between the partners, it is strange that the defendant fully conceded the right of the other partner to possession of the property involved herein. Had he pleaded or claimed the right to retain possession until the settlement of the partnership affairs, then plainly under the decision in *Syndicate Co. v. Martling*, 108 Kan. 798, 196 Pac. 1058, neither of the plaintiffs would have been entitled to judgment.

The mere fact that the son had not given an additional replevin bond did not impair the defendant's rights, for no question arose as to the sufficiency of the one given by the father. Having conceded that the son was entitled to the possession of all the property sued for upon his return from the army, and the son having by written order directed him to turn such property over to the father, it would seem that the trial court was justified in ordering judgment for the plaintiffs.

We cannot assume without something to base the assumption upon that any claim was made on the part of the defendant to retain possession until a settlement of the partnership affairs; and considering only the pleadings and the statement referred to, we find no error in the ruling of the trial court.

The judgment is therefore affirmed.

JOHNSTON, C. J., and DAWSON, J., dissent.

Fenley v. Garvin.

## OPINION ON REHEARING.

### (Filed January 7, 1922.)

A motion for rehearing, fortified by an elaborate brief, has been carefully considered. Attention may again be called to the fact that although W. H. Fenley began this action October 10, 1917, after the case had been by order of the court dropped from the docket owing to the absence of the plaintiff's son in the world war, the son asked to be made a party plaintiff, which was done over the objection of the defendant. Thereafter on December 19, 1919, the father and son as plaintiffs filed an amended petition and on February 9, 1920, filed a second amended petition. At the April term of 1920, the case came on for trial and judgment was rendered.

In the second amended petition it was alleged by both plaintiffs among other things that W. H. Fenley, by reason of the written order upon the defendant, was entitled to immediate possession of the property which was, after the demand, wrongfully detained from him by the defendant. Further, that when the action was begun by W. H. Fenley, plaintiff Franklin Walton Fenley was a soldier stationed at Camp Funston; that he went to France and remained in active service till July, 1919, when he returned home.

"Wherefore *plaintiffs* pray that they have judgment against the defendant for the possession of the personal property replevined herein . . ."

To this pleading a demurrer was filed and overruled, whereupon the defendant answered by general denial.

It is iterated and reiterated that the trial court based its ruling upon the ground that the partnership agreement between the soldier and defendant was void under the statute of frauds, but we are compelled to decide the case upon the record alone in which we find not the slightest intimation that this was the reason for the trial court's conclusion. Counsel say that nowhere in the various petitions filed was it claimed by plaintiffs that Franklin Walton Fenley was claiming possession of the property or any right thereto. We call attention to the allegation in the amended petition filed by them jointly that the property was from the time of the refusal to honor the written order "wrongfully detained from plaintiff, W. H. Fenley, by the defendant Ralph Garvin."

"The one and only question litigated was the question of whether or not the defendant, Garvin, on the 10th of October, 1917, wrongfully detained this property from W. H. Fenley."

The order given to the father and presented to the defendant was simply to turn over the property to the former and the order should be a receipt therefor. Nothing was said in the order about the ownership of the property except that it was referred to as the property "left with you by me for safekeeping." There is nothing in this to indicate that the son had conveyed it to his father, and certainly nothing inconsistent in his asking two years later to be made a party plaintiff and claiming judgment against the defendant.

We have then this situation: After the son had come home and been made a party plaintiff, and the case came on for trial on the second amended petition and general denial, it appeared by the opening statements that no question would be made as to the son's right to possession then or at any time since his return. This possession he had sought to transfer to his father by the written order which had been refused by the defendant. No claim was made by the defendant for damages on account of the father's possession since first beginning the action. Under these circumstances the court concluded that there was nothing to try. Garvin, while thus conceding, was claiming that the son was not an original party plaintiff and had given no bond "by reason of all of which the defendant Garvin was entitled to a verdict." The utmost he could have been entitled to had he claimed it, which he did not, as shown by the journal entry, would have been an allowance for the use before the son came home. The finding that when the action was begun the father was entitled to immediate possession was wrong in view of the partnership arrangement which had not been terminated. But this is not sufficient to warrant a reversal, for the reason that in view of the only claim made by the defendant when the case was before the court for trial, such finding did not constitute material error. Such technical error only would at most entitle the defendant to certain costs, and causes are not reversed for mere matters of costs.

The former judgment and opinion must therefore stand.

DAWSON, J. (dissenting): Fenley, senior, wrongfully deprived the defendant of the use of the partnership property for about two years, and could show this under a general denial. (*Dewey v. Bobbitt*, 79 Kan. 505, 100 Pac. 77; *Morrison v. Montgomery*, 105 Kan. 430, 432, 184 Pac. 985.) But, forsooth, because the defendant conceded that when Fenley, junior, returned from the war he was

then entitled to the possession of the property (the partnership term having then expired) he, the injured defendant, is turned out of court without redress against Fenley, senior. I cannot acquiesce in such a result, and I therefore dissent.