Lemon v. Dryden.

43  477
48  550
48  672

---

W. T. LEMON, *as Administrator of the estate of B. J. Keeny, deceased,* v. SARAH L. DRYDEN, *as Administratrix of the estate of James E. Dryden, deceased.*

1. NOTE—*Statutory Bar—Material Allegation to be Proved.*   When it appears upon the face of a note that it is barred by the statute, and the only evidence that it is not barred is a payment alleged to have been made, and that payment is denied under oath, the allegation of payment is material, and it is necessary for the plaintiff to prove the payment in order to recover.

2. FINDINGS—*Verdict—No Conflict—Judgment.*   When there is nothing in the special findings of a jury in conflict with the general verdict,

it not error for the court to enter judgment in accordance with the general verdict.

3. ——— *Amendment of Answer.* An amendment of an answer may be allowed, after verdict, in furtherance of justice.

*Error from Doniphan District Court.*

THE opinion states the case.

*Albert Perry,* for plaintiff in error.

*F. W. Raymond,* and *W. D. Webb,* for defendant in error.

Opinion by GREEN, C.: This action was commenced on the 17th day of August, 1887, upon a promissory note, alleged to have been given in May, 1861, for the sum of $336, by James E. Dryden. The suit was against the administratrix of Dryden. A credit of $25 was alleged to have been made upon the note, in September, 1883. The answer denies, under oath, the execution of the note, the alleged payment of $25, and, further, alleges that the note was barred by the statute of limitations. A trial was had before the district court of Doniphan county, on the 5th day of January, 1888. A jury having been impaneled, the plaintiff asked the court to exclude all the evidence under the second, third, fourth and fifth counts of the defendant's answer, on the ground that the facts stated in said counts did not constitute a defense. This motion was overruled by the court as to the second, third and fourth counts, and sustained as to the fifth. The jury returned a general verdict in favor of the defendant, and special findings of fact, first, that James E. Dryden, in May, 1861, at Elwood, Kansas, executed a note to B. J. Keeny, and delivered the same to A. M. Ferguson, for the plaintiff; second, that James E. Dryden did not make a payment of $25 on said note in September, 1883; third, that the amount of the note, principal and interest was $1,411.87, at the rendition of the verdict.

Upon the rendition of the verdict and special findings, the plaintiff filed his motion for judgment. On the 9th day of

January following, the defendant filed her motion for judgment on the findings; and on the 17th day of January following, the plaintiff offered to remit $41 on the special findings of fact. Pending which motion, the defendant asked leave to amend her answer by denying in the paragraph in her answer which set up the statute of limitations, the alleged payment of $25 on the note sued upon, which said motion was allowed by the court and excepted to by the plaintiff. The court then overruled the plaintiff's motion for judgment, which was excepted to, and allowed the motion of the defendant, and entered judgment for costs against the plaintiff in the sum of $115.85. No motion for a new trial was made. Since the rendition of the judgment, B. J. Keeny has died, and the action has been revived in the name of W. T. Lemon, as administrator.

The first error claimed by the plaintiff is that there was no proper plea of the statute of limitations. This position, we think, is hardly tenable, upon the issues as made in this case. The answer filed, first, denied the execution of the note sued upon; second, a denial of the payment of $25, in September, 1883; and in the fourth paragraph of the defendant's answer, the statute of limitations was pleaded. The note having been given in 1861, and no action commenced thereon until the 17th of August, 1887, it would be barred upon its face, and the payment of $25, alleged to have been made in 1883, is the only allegation in the petition to show that it was not barred. This payment was denied under oath, and we think this of itself was sufficient to present the issue, under the rule laid down in the case of *Zane v. Zane*, 5 Kas. 135. If this payment was not made, the claim of the plaintiff was barred. This was fairly made an issue by the pleadings, and the jury found against the plaintiff, in special finding No. 2. The law upon this finding declares that the note was barred, and no judgment could be rendered in favor of the plaintiff, if the payment was not made. The plaintiff, as appears from the verdict of the jury, failed to prove a cause of action, and the defense, in our judgment, was complete.

Second, the plaintiff claims that the court erred in refusing to render a judgment in his favor, upon the special findings. The general verdict was for the defendant. While the jury found that this note was executed by Dryden, in May, 1861, there was a finding against the plaintiff as to the payment alleged to have been made in September, 1883. The special findings were consistent with the general verdict. The finding of the jury that the amount of the note at the date of the rendition of the judgment was for a certain sum, is wholly immaterial. It could not, in any event, be construed that any sum was due upon the obligation sued upon.

As to the third ground of error, the court allowed the defendant to amend her answer, after the jury had returned a verdict. We cannot say that this is error, as the evidence is not preserved in the record. The court may allow an amendment, in furtherance of justice, before or after judgment, when such amendment does not change substantially the claim, or defense. (Code of Civil Procedure, §139; *Hawley v. Histed*, 10 Kas. 269.)

While no motion was made for a new trial in this case, we have considered the errors of record, which have been called to our attention, and find that there was no error in the rulings of the court below.

We recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.