## A. F. SMITH V. TAYLOR BEELER.

1. ACTION *on Note — Limitation — Judgment on Pleadings.* When it appears upon the face of a note sued on that it is barred by the statute of limitations, and the only evidence that it is not barred consists in alleging promises in writing to pay made within the statutory period, and such alleged promises are denied under oath, the plaintiff is not entitled to a judgment on the pleadings; and the fact that the defendant added to his said denial under oath the plea of payment within the statutory period will not entitle the plaintiff to a judgment on the pleadings.

2. SPECIAL FINDING — *General Verdict.* When a special finding of the jury is not in conflict with the general verdict, it is not error for the court to enter judgment on the general verdict.

### Error from Brown District Court.

ACTION on a note. Judgment for defendant, *Beeler,* at the November term, 1888. The plaintiff, *Smith,* brings the case to this court.

*W. D. Webb,* and *Grant W. Harrington,* for plaintiff in error.

*James Falloon,* for defendant in error.

Opinion by STRANG, C.: October 3, 1887, the plaintiff commenced his action against the defendant on the following promissory note:

"$480.80.   One day after date, I promise to pay to A. F. Smith, or order, the sum of four hundred and eighty dollars and eighty cents.   For value received.   Interest at the rate of 6 per cent. per annum.

"Given this 26th day of May, 1885.

TAYLOR BEELER."

The petition alleged that no part of said note had ever been paid; and, to show that the cause of action was not barred by the statute of limitations, the petition alleged that on the 14th day of December, 1885, and again on the 6th day of February, 1887, the defendant promised the plaintiff in writing to pay said note, as soon as he was able, which written promises were copied into and made a part of the petition.   October 28, 1887, the defendant answered, denying generally all the matters in the petition, and denying under oath the written promises to pay set out in the petition.   For a second defense, he alleged that he was not able to pay when the suit was begun; and for a third defense said that on the 4th day of September, 1887, he paid the note sued on in full. The plaintiff replied, denying that the defendant, on the 4th of September, 1887, or at any other time, paid said note or any part of it.   The case was called for trial by the court and a jury, whereupon the plaintiff read to the jury the pleadings in the case and rested.   Thereupon the defendant also rested. The plaintiff then moved for a judgment on the pleadings, which was overruled.   He then moved the court to instruct the jury to return a verdict for the plaintiff for the amount of the note, which motion was also overruled.   Thereupon the court, on its own motion, instructed the jury to return a verdict for the defendant, which was done.   The jury also answered the following question, submitted by the plaintiff: "What is the amount of the note in suit with interest?   Ans. $810.69."   The plaintiff then moved the court for judgment

for the sum of $810.69, the amount found by the jury, and as shown by the pleadings. This motion was overruled. The plaintiff then moved for a new trial, which motion was heard and overruled. The plaintiff brings the case to this court and says the court below erred; that he was entitled to a judgment on the pleadings for the amount of the note.

Was the plaintiff entitled to a judgment on the pleadings? We think not. The petition set up a copy of the note, and alleged written promises to pay within the statute of limitations, and set them out therein. The defendant denied under oath the making of the alleged written promises to pay. No evidence was offered by the plaintiff in support of the alleged promises relied on to take the case out of the statute. The case stood then as upon a petition showing upon its face that the cause of action was barred. An objection to such a petition can be raised at any time, even in arrest of judgment. Objection was raised by the defendant moving for a judgment on the verdict of the jury, which motion was sustained, and judgment rendered for the defendant.

The plaintiff insists that the plea of payment in the defendant's answer is a waiver of the plea of the statute. We do not think it is a waiver. He had denied under oath the making of the promises relied on to bring the cause of action within the statute. The action was barred then unless the plaintiff prove such promises. The defendant might have paid the note notwithstanding it was barred. And if true, he had a right to so plead, and also to prove the fact. But, as the plaintiff failed to offer any proof to bring the cause of action within the statute of limitations, the defendant was not called on to prove payment. He could rest on his right to recover judgment for costs, on the ground that the plaintiff showed no cause of action within the statute of limitations.

The plaintiff insists that he was entitled to judgment on the special finding of the jury. The jury found simply the amount of the note. They did not find that the defendant owed that sum to the plaintiff, but on the contrary found that the plaintiff had no cause of action against the defend-

ant. When there is no conflict between a special finding of the jury and the general verdict, it is not error for the court to enter judgment on the general verdict. The case of *Lemon v. Dryden,* 43 Kas. 477, settles both of these questions against the plaintiff. We therefore recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.