MRS. ANNA GLENN, as Next Friend, etc., *Appellant,* v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellee.*

No. 17,678.

SYLLABUS BY THE COURT.

1. TRIAL — *Practice — Statement to Jury — Discretionary.* In making a statement of the case or of the defense and of the evidence expected to be produced at the commencement of the trial of a civil action in accordance with section 285 of the code, either party may make his statement as full and complete as he desires or may omit to make any statement, at his discretion.

2. ———— *Statements Not Pleadings.* Such statements when made are not pleadings within the purview of article 8 of the code (Civ. Code, §§ 89-146) and are not vulnerable to attack by demurrer.

3. PLEADINGS—*Issues Joined—Demurrer—Practice.* After the parties to a civil action have, in proper time, by their pleadings framed issues of fact to be tried, it is not good practice to allow one party at the trial, without at least withdrawing his pleading, to orally demur to the sufficiency of the pleading of the other party, and thus discard the issues of fact and raise new issues of law.

Appeal from Chautauqua district court. Opinion filed June 8, 1912. Reversed.

*W. H. Sproul,* and *J. A. Ferrell,* for the appellant.

*C. E. Benton,* and *W. P. Dillard,* for the appellee; *Carl Ackerman,* of counsel.

The opinion of the court was delivered by

SMITH, J.: Judgment appears to have been rendered in the case upon an oral motion as follows:

"By attorney W. P. Dillard for defendant:

"At the close of the opening statement by the attorney for the plaintiff the defendant moved the court for judgment in its favor against the plaintiff for costs for the reason and upon the ground that his opening statement and the petition in this case shows that no cause of action exists against the defendant and in favor of the plaintiff.

"By the Court: Judgment will be for the defendant. Neither this petition nor the statement made by counsel states a cause of action in favor of the plaintiff and against the defendant."

The code of civil procedure does not authorize the trial of civil actions in the district court upon oral pleadings, but, on the other hand, article 8 thereof (Civ. Code, §§ 89-146) definitely prescribes the "written statements" which are required or permitted to define the issues in such cases. The abstract does not indicate that any issue of fact or law was joined in this case before the trial; it shows only that a petition was filed. This is probably an oversight in preparing the abstract. Issues of fact should be made up ten days before trial (Civ. Code, § 313) and as the attorney for the plaintiff in the statement of his case addressed "the court and gentlemen of the jury," we will assume that an answer had been filed by which an issue or issues of fact were joined.

The statements of the case or defense and of the evidence expected to be produced by the respective parties play no part in framing the issues, except that either party thereby, by an admission of fact adverse to his pleading, may estop himself from contending for the fact as pleaded by him. But such statements are not pleadings, and may by either party be made as full and complete as he desires or may not be made at

all, in his discretion.  However imperfect the statement may be, it is not subject to attack by demurrer.  Neither is it good practice at the trial, after the parties have days before by formal pleadings joined issues of fact to be tried, to permit one party, without withdrawing his pleadings, to orally demur to the pleading of the other party and thus discard the issues of fact and raise new issues of law.  That the demurrer is in the form of a motion is not material.

The practice of objecting to the introduction of evidence on a trial on the ground that the petition does not state facts sufficient to constitute a cause of action is not favored.  Such motion should not be sustained if, upon any fair construction of the petition, any cause of action is stated.  (*Bailey v. Dodge,* 28 Kan. 72; *Robbins v. Barton,* 50 Kan. 120, 31 Pac. 686; *Street Rly. Co. v. Stone,* 54 Kan. 83, 34 Pac. 1012; *Howard v. Carter,* 71 Kan. 85, 80 Pac. 61.)  That the motion, which is virtually a demurrer, includes with the petition the statement made by plaintiff's attorney at the opening of the trial does not change the rule.  If, however, the plaintiff's attention is called to the claim that his statement does not contain facts sufficient to constitute a cause of action under the petition, and he agrees to submit the question to the court, of course the court may rule upon such statement as evidence and, if insufficient, may sustain the demurrer thereto.  This does not seem to have been done in this case.  As the question is likely to again arise upon a new trial we will examine the petition, one paragraph of which reads:

"Plaintiff therefore alleges that through the negligence and carelessness of the defendant in assigning the said W. F. Brewster, to such a dangerous and unsafe place to work, and through the negligence and carelessness of the defendant in keeping its said train moving, while said W. F. Brewster was engaged in ejecting and shoving ties from the car containing the same, the left leg of the said W. F. Brewster was broken."

This we think, considered liberally, tenders an issue of fact that the plaintiff's injury was caused by the negligence and carelessness of the defendant, and with the other allegations, all being confessed by the demurrer, constituted a cause of action.

The judgment is reversed and the case is remanded with instructions to overrule the motion, grant a new trial and proceed in accordance with the views herein expressed.