MRS. ANNA GLENN, as Next Friend, etc., *Appellant,*. V.
THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellee.*

No. 17,678.

OPINION ON REHEARING.

HEADNOTE BY THE REPORTER.

TRIAL — *Practice — Opening Statement—Motion for Judgment.*
Where, in an action for negligence, the plaintiff's counsel in
the opening statement to the jury undertakes to detail all
the facts upon which negligence is predicated, a motion for
judgment should be sustained if it affirmatively appears that
the facts stated do not justify any inference of negligence
against the defendant.

Appeal from Chautauqua district court.   Opinion on
rehearing filed December 7, 1912.   Reversal sustained.
(For original opinion, see 87 Kan. 391, 124 Pac. 420.)

*W. H. Sproul,* and *J. A. Ferrell,* both of Sedan, for
the appellant.

*C. E. Benton,* and *W. P. Dillard,* both of Fort Scott,
for the appellee; *Carl Ackarman,* of Sedan, of counsel.

*Per Curiam:* The court is satisfied with the decision
in this case (87 Kan. 391, 124 Pac. 420) and with the
opinion therein, but to be more explicit adds the fol-
lowing:

In an action for negligence, when the petition states
a cause of action and the plaintiff, in the. opening
statement to the jury, undertakes to detail all the facts
upon which negligence is predicated, a motion for
judgment against the plaintiff on the statement should
be sustained if it affirmatively appears that the facts
stated do not justify any inference of negligence
against the defendant; otherwise the motion should be
overruled.   The facts stated in this case do not affirm-
atively exculpate the defendant from the charge of
negligence, but the question of negligence remains for

the determination of the jury upon all the facts and circumstances which may be disclosed by the evidence. Therefore the motion should have been overruled.

We adhere to the decision heretofore rendered in the case.

MASON, J. (concurring specially) : I think the questions of practice discussed in the original opinion (87 Kan. 391, 124 Pac. 420) do not properly arise in this case. At the conclusion of the plaintiff's opening statement the defendant orally moved for judgment in its favor upon the ground that such statement and the petition showed that no cause of action existed. This motion was sustained and the plaintiff appealed. The appeal presented the question whether the opening statement, considered in connection with the petition, affirmatively showed that the plaintiff was not entitled to recover. Counsel for appellant and appellee have argued this question and no other, and to my mind no other is involved. The general allegation of negligence quoted in the original opinion from the petition is limited by more specific allegations of the pleading and of the statement, so that upon the whole record it is perfectly clear just how the plaintiff claims the injury complained of was caused. Whether it can be said as a matter of law that the defendant is not liable for an injury occasioned in that manner is a fair question for debate, which has been well presented on both sides in the briefs and in the oral argument. I agree that it should be answered in the negative, but I think it merits a fuller discussion, for the guidance of counsel and of the trial court.