No. 21,082.

THE STATE BANK OF ABBEYVILLE, *Appellee*, v. N. H. JELTZ et al. (MAY PEOPLES, Administratrix of Estate of Wm. Peoples, Deceased, *Appellant*).

### SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Signature that of Maker—Liability*. If a person placing his name on a promissory note do not clearly indicate by appropriate words an intention to be bound in a special capacity, and sign as maker, his liability to the holder is that of maker, although his relation to a comaker be that of surety.

2. SAME—*Comaker—Disposition of Proceeds of Chattel Security*. By making a promissory note the maker engages to pay it according to its tenor, and he is not interested in the manner in which the proceeds of chattel security, given by a comaker to secure the note and other indebtedness of the comaker, are applied.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed October 6, 1917. Affirmed.

*Frank L. Martin, Van M. Martin*, and *John M. Martin*, all of Hutchinson, for the appellant.

*C. M. Williams*, and *D. C. Martindell*, both of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a promissory note, and for application of the proceeds of the sale of chattel security. From an adverse judgment one of the makers of the note appeals.

Jeltz was a persistent borrower from the bank. On May 1, 1915, a renewal note for $1768 was given to the bank, signed by Jeltz, and signed by Wm. Peoples, the appealing defendant, as makers. Peoples has since died and is now represented by his administratrix. The note was secured by a chattel mortgage given by Jeltz. On May 15, Jeltz borrowed more money of the bank, and presented to the bank a note for $1926, which included the note of May 1 and the new loan. The note of May 15 was signed by Jeltz, and purported to be signed by Peoples. When this note was given the chattel mortgage se-

curing the note of May 1 was released, and a new chattel mortgage was given by Jeltz, which made a slight change in the security. The new chattel mortgage covered future advances, but provided that in case of foreclosure the debt existing at the time the mortgage was given should be paid first. Subsequently other loans were made to Jeltz, until his indebtedness was represented by a note for $2900, signed by Jeltz, and purporting to be signed by Peoples. Jeltz left the state. Peoples denied signing the note for $2900, and other notes which preceded it. On the occasion of renewals old notes would be surrendered. Consequently the bank could do no more than plead the various loans of money, describe the notes which had been given, and pray judgment for the amount due. Peoples admitted signing the note of May 1, 1915, and judgment was rendered against him accordingly. The property covered by the chattel mortgage was sold by a receiver, and the net proceeds, in the sum of $1023, were applied to discharge the otherwise unsecured balance due the bank from Jeltz.

The defense to the action was that Peoples was a surety, and in response to special questions the jury found that Peoples borrowed no money of the bank, was a surety only, and notified the bank of his true relation to the paper. Peoples concedes that the cancellation of the note of May 1 and the substitution for it of the forged note of May 15, and other forged notes, did not discharge his liability, but he says no judgment should have been rendered against him, because the suit was for indebtedness and not on the note, and that his liability as surety arose solely on the note. The contention relates primarily to a matter of form, and not to a matter of substance. It might have been met by a very simple amendment when the note which Peoples signed was identified, and if necessary the amendment would now be treated as having been made. No amendment, however, was necessary. Peoples signed as maker. The obligation was his. He was principal debtor, primarily liable under the negotiable-instruments law, and can not be heard to say that the indebtedness was not his, no accident, mistake, or fraud affecting the capacity in which he signed having been alleged.

The maker of a promissory note, "by making it," engages that he will pay it according to its tenor. (Kan. N. I. L., § 67,

Bank v. Jeltz.

Gen. Stat. 1915, § 6587.) If a person sign other than as maker, drawer, or acceptor, he is deemed to be an indorser, "unless he clearly indicates by appropriate words his intention to be bound in some other capacity." (Kan. N. I. L., § 70, Gen. Stat. 1915, § 6590.) In this instance Peoples not only failed to indicate by appropriate words an intention to be bound in a special capacity, but he signed as maker. Therefore, his relation to the bank was fixed by virtue of his signature and the statute, and the inquiry into the suretyship relation did no more than establish his relation to Jeltz.

It is insisted that in any event the proceeds of the chattel security should have been applied to the payment of the note of May 15. That note to the extent of $1768 was a renewal of the note of May 1 which Peoples signed, and the chattel mortgage securing the note of May 15 covered substantially the same property as the chattel mortgage released on May 15. This contention is made on the ground: first, that Peoples was a surety; and second, that the chattel mortgage provided the debt in existence on May 15 should be paid before subsequent advances were paid. The answer is obvious. So far as the note signed by Peoples and on which judgment was rendered against Peoples is concerned, his liability is the same as if Jeltz and the Jeltz chattel mortgage were not involved. Peoples signed the note as maker. He did not limit his liability to that of a surety, and he was not a party to the chattel mortgage. If Jeltz were appealing, he might argue that the provision of the chattel mortgage relating to the application of proceeds of a sale of the property constituted an appropriation of such proceeds to the payment of the money first borrowed. Peoples had no such contract with the bank, and his obligation to the bank is measured by the terms of the instrument which he signed.

The judgment of the district court is affirmed.