Carter v. Wilson.

No. 21,017.

CHARLES CARTER, *Appellant*, v. GEORGE WILSON (and J. D. MC-
CARTER, *Appellee*).

SYLLABUS BY THE COURT.

1. NOTE—*Conditional Promise to Pay—Condition Impossible of Perform-
   ance—Liability.* Whenever subsequent impossibility of meeting the
   conditions of a contract might readily have been foreseen by the party
   obligated to perform, he will not be excused from performance on the
   ground of impossibility.

2. SAME. The maker of a note for the debt of another executed it on con-
   dition that he was to pay the portion of the debt which a sale of chattel
   security lacked of paying, and was to be responsible for that difference
   only. After default of the principal debtor the creditor discovered
   that the chattel mortgage was void, and that no sale could be made
   under it, because the property was exempt and the mortgagor's wife
   had not joined in executing the instrument. No sale was attempted,
   and the creditor undertook to recover on the note. *Held,* the principle
   stated in paragraph 1 applies, and the maker is not liable because the
   condition of his liability has not been performed.

Appeal from Ford district court; LITTLETON M. DAY, judge.
Opinion filed January 12, 1918. Affirmed.

*George A. Neeley,* of Hutchinson, and *Walter L. Bullock,* of
Dodge City, for the appellant.

*J. M. Kirkpatrick,* of Dodge City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a promissory
note. The answer was that the note was given on condition,
and the condition had not been performed. Judgment was
rendered for the defendant, and the plaintiff appeals.

George Wilson obtained from the plaintiff a loan of money,
giving therefor his promissory note, secured by chattel mort-
gage on a threshing engine. When Wilson applied for the loan
the plaintiff expressed dissatisfaction with the security offered.
The defendant gave his opinion of the value of the engine, and
agreed to sign the note on condition he was to pay the portion
of the debt which a sale of the engine lacked of paying, and was
to be responsible for that difference only. On these terms he

Carter v. Wilson.

signed the note. The debt was not paid when it matured, and the plaintiff took possession of the engine under the chattel mortgage. He then discovered the engine was exempt property, and the mortgage was void because Wilson's wife had not joined in its execution. The plaintiff returned the engine to Wilson without attempting to sell it. The defendant had a purchaser for the engine who would have paid $1,000 for it.

The answer was met by a reply. No objection was made to the evidence offered in support of the answer. The court found the essential facts, and the findings are not challenged. This court cannot consider matters which were not presented to the district court for decision, and the only question to be determined is whether or not the findings sustain the judgment.

The plaintiff says that performance by him of the act upon which the defendant's liability was conditioned was impossible, because the chattel mortgage was void and no sale of the engine could be made under it. The plaintiff took such chattel mortgage as he desired, and he cannot charge the consequences upon the defendant because he failed to procure a valid one. The engine belonged to a class of property likely to be exempt, and if exempt a chattel mortgage not executed by husband and wife jointly would be void. The contingency was one which a man of ordinary prudence should have foreseen and guarded against. The defendant did not contract to pay the note absolutely. He merely contracted to pay whatever balance should remain after deducting the proceeds derived from a sale of the engine. The contract was not illegal or immoral. The sale of personal property under chattel mortgage is by no means impossible under the laws of this state, and it is elementary that whenever subsequent impossibility of meeting a condition might readily have been foreseen by the party who must perform, he is not excused.

The judgment of the district court is affirmed.