No. 21,431.

THE GUARANTY INVESTMENT COMPANY, *Appellee,* V. S. A. GAMBLE et al. (MAUDE MONSEY, *Appellant*).

### SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Oral Agreement Varying Written Indorsement— No Defense.* A claim by the payee and indorser of certain negotiable promissory notes, that it was orally agreed that if she sold the notes for fifty cents on the dollar—which she did—she would never be called on to pay or be held responsible, is a variance from the written indorsement and constitutes no defense.

2. SAME—*Bill of Particulars — States No Cause of Action.* A bill of particulars setting out such notes with proper allegations to show liability, except an averment of notice of dishonor or waiver thereof, states no cause of action against the indorser.

3. SAME—*Erroneous Judgment.* It was error to render judgment for the plaintiff on such bill of particulars and a statement of the oral agreement referred to in the first paragraph hereof.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed April 6, 1918. Reversed.

*C. T. Atkinson,* of Arkansas City, for the appellant.
*John Parman,* of Kansas City, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued on six promissory notes indorsed by the payee before maturity. The bill of particulars alleged the execution, indorsement before maturity, and the failure to pay when due, setting out copies. On reaching the trial on appeal in the district court the attorney for the payee stated that when she sold the notes to the plaintiff it was with the express oral agreement that if she sold them at fifty cents on the dollar, which she did, she would never be called upon to pay or ever be held responsible. The plaintiff moved for judgment on the pleadings and statement of counsel, which motion was sustained, and the payee and indorser appeals.

Of course the alleged oral agreement constituted no defense, being a plain variance from the terms of the written indorsement which bound her upon its dishonor and notice to pay the "amount thereof." (Gen. Stat. 1915, § 6593.)

It is contended by counsel for the plaintiff that the question of want of notice of dishonor was not raised in the court below, but in what is called the abstract and brief of the appealing defendant it is recited that:

"The defendant, Mrs. Maude Monsey, through her lawyer stated that the bill of particulars did not state a cause of action against her for the reason that she was given no notice as required by the Statutes of Kansas."

We have sent for the transcript, and the opening statement therein shown contains no reference to the notice of dishonor or lack thereof.

Section 6617 of the General Statutes of 1915 provides that when a negotiable instrument has been dishonored by nonpayment any indorser to whom such notice is not given is discharged.

In the cited case of *Brenner v. Weaver*, 1 Kan. 488, the indorsement was in these words: "For value received, I promise to pay the within mentioned money to Hartman & Weaver." This was held to be an absolute undertaking and not a guaranty. The indorsement was not made by the payee, but by a third party.

Section 6593 provides that an indorser without qualification warrants that on due presentment the note shall be paid, and then if it be dishonored "and the necessary proceedings on dishonor be duly taken," he will pay.

There is nothing on the face of the note or in the bill of particulars to indicate that notice of nonpayment had ever been given or waived. Hence, it was error to enter judgment on the pleadings and statement of counsel. (*Malott v. Jewett*, 1 Kan. App. 14; 3 R. C. L. 1147, § 362; *Hough v. State Bank*, Ann. Cas. 1912D, 1200.)

The judgment is reversed and the cause remanded for further proceedings.