No. 21,266.

THE SEVERY STATE BANK, *Appellee*, v. G. N. HOYT, *Appellant*.

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Signed by Surety as Maker—Renewal Note Forged—Surety Liable on Original Note.* A surety for a comaker signed a note as maker. The principal obtained a renewal by presenting to the holder a note signed by himself and purporting to be signed by the surety. The surety's signature was forged. The holder sued the principal and the surety in separate actions on the renewal note. The actions were consolidated and tried together. The only issue presented to the jury for its determination was whether or not the signatures to the renewal note were forged. The jury found a general verdict against the principal and in favor of the surety. The holder then sued, the surety on the original note, which had been canceled and delivered to the principal when the renewal note was given. *Held*, judgment was properly rendered against the surety.

Appeal from Elk district court; ALLISON T. AYRES, judge. Opinion filed May 11, 1918. Affirmed.

*D. J. Sheedy*, and *J. L. Stryker*, both of Fredonia, for the appellant.

*A. F. Sims*, of Howard, and *F. S. Jackson*, of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a promissory note. The plaintiff prevailed, and the defendant appeals.

In 1912 F. M. Seimers and L. C. Seimers, as principals, and the defendant, as surety, executed and delivered to the plaintiff their promissory note, for a consideration not now in dispute. The note was not paid at maturity, and in 1913 the plaintiff accepted a renewal note for the sum due, signed by the principals and purporting to be signed by the defendant. The old note was stamped paid and delivered to the principals. The renewal note was not paid at maturity, and the plaintiff brought two actions for the amount due, one against the principals and one against the defendant. Apparently the defendant was sued separately because he was a nonresident, and it was necessary to proceed against him by attachment. The de-

fendant appeared, and the actions were consolidated and tried together. The defense in each case was that the signatures appearing on the note were not genuine. Judgment was rendered against the principals and in favor of the present defendant. The plaintiff then sued the defendant on the original note, with the result stated.

The main defense was that of *res judicata*. While the verdict in the former suit was a general verdict in favor of the defendant, the pleadings and the instructions, introduced in evidence in the present action, show that the sole issue determined was the genuineness of the signature to the renewal note. The present action is on a different note, which the defendant admitted he signed, and consequently the defense of *res judicata* was not sustained. (*Stroup v. Pepper,* 69 Kan. 241, 76 Pac. 825.)

Another defense was that the defendant was an "accommodation indorser," that the note sued on had been marked paid and surrendered to the principal debtors, and that the new note of the principal debtors had been accepted, on which judgment had been rendered. The note disclosed that the defendant was a maker, and his liability to the plaintiff was that of maker, although his relation to his comakers was that of surety. (*Bank v. Jeltz,* 101 Kan. 537, 167 Pac. 1067.) Stamping the note paid and surrendering it did not discharge it, and no agreement that the new note should be taken in payment of the old one was pleaded or proved. (*Bank v. Cooper,* 99 Kan. 731, 162 Pac. 1169.)

The new note when taken supposedly bore the defendant's signature. The judgment which the defendant pleaded established the fact that his signature had been forged to the new note. Under these circumstances the fact that the new note was accepted by the plaintiff did not discharge the old one. This proposition was conceded by the party whose signature had been forged in the case of *Bank v. Jeltz,* supra, and is sustained by cases found in case notes, 13 L. R. A., n. s., 205, and 16 L. R. A., n. s., 343.

The fact that judgment against principal debtors was rendered on the renewal note does not concern the plaintiff. Both notes were for the same indebtedness, and the plaintiff is en-

entitled to establish its claim against all persons obligated to pay.

The defendant argues that the plaintiff split his cause of action. This is not true. The rule against splitting causes of action applies to separate actions against the same person to enforce fractions of the same obligation. It does not apply to separate actions on different causes of action.

The judgment of the district court is affirmed.