No. 21,781.

THE CONQUEROR TRUST COMPANY, *Appellee,* v. H. L. DANFORTH, *Appellant.*

### SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Liability of Comaker.* A comaker, though in fact a surety only, is primarily liable on his promissory note.

2. SAME—*Contemporaneous Oral Agreement—No Defense.* It is no defense to an action on a note to plead an agreement with the payee to look to certain mortgage security and to hold the comaker for the balance only, as such agreement would contradict the terms of the note.

3. SAME—*Set-off and Counterclaim.* Neither does the alleged breach of such an agreement form any legal basis for a set-off or counterclaim.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed December 7, 1918. Affirmed.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellant.

*W. G. Fairchild,* and *H. S. Lewis,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant signed a note with another person, who was the borrower and real principal, and when sued thereon he pleaded that it was agreed between the plaintiff and himself at the time he signed the note that before he could be held thereon or required to pay any portion thereof the plaintiff would exhaust certain chattel-mortgage security given by the principal, and that the defendant should be held for the balance only; that afterwards the plaintiff released its security without his knowledge and consent, although the property mortgaged was of more value than the amount of the note.

The defendant further pleaded that the mortgaged property was sold by the principal, with the consent of the plaintiff, for $175, taking the purchaser's note for that amount due in thirty days, and a collateral note from the purchaser for $250 secured by a real-estate mortgage, both of which notes were indorsed and delivered to the plaintiff, who consented to the sale; and that by reason of these facts he, the defendant, had been damaged in the sum of $175 by the failure of plaintiff to carry out its agreement with him, which damage he claimed as a set-off and counterclaim. The trial court held that, having signed the note as a joint maker, the defendant's counterclaim could not be considered.

The defendant appeals, and contends that this case falls within the rule of *Carter v. Wilson,* 102 Kan. 200, 169 Pac. 1139, and that the bank having, without his knowledge or consent, released the mortgaged property to the principal and then undertaken to recover from the defendant, he is not liable.

The plaintiff relies on the negotiable-instruments law (Gen. Stat. 1915, § 6587), and on numerous decisions of this court, in support of its contention that the plaintiff is liable as a joint maker.

To this the defendant replies that, even if under the statute he became primarily liable, he is entitled to be heard upon his cross complaint as to damages.

Concerning the decision in *Carter v. Wilson,* it may be said that "this thing was not done in a corner." It was made plain in the opinion that no objection was made to the defense stated in the answer, that the court found the essential facts, and that the findings were not challenged, the only question presented being whether they sustained the judgment. So, in order to make the present case apply, the testimony in support of the answer must have been received without objection, which was not the case.

The fact that the defendant was a surety only does not help him. (Gen. Stat. 1915, § 6523; *Bank v. Bowdon,* 98 Kan. 140, 157 Pac. 429; *Bank v. Jeltz,* 101 Kan. 537, 167 Pac. 1067; *Bank v. Dickinson,* 102 Kan. 564, 171 Pac. 636; *Bank v. Hoyt,* 103 Kan. 44, 172 Pac. 994.)

A contemporaneous oral agreement contradictory of the plain terms of the instrument could not be shown, because the

result would be to render unsafe all reliance on such instruments. (*Getto v. Binkert*, 55 Kan. 617, 40 Pac. 925; *Van Fossan v. Gibbs*, 91 Kan. 866, 139 Pac. 174; *Bank v. Bowdon*, 98 Kan. 140, 157 Pac. 429; *Bank v. Watson*, 99 Kan. 686, 163 Pac. 637; *Investment Co. v. Gamble*, 102 Kan. 791, 171 Pac. 1152; *Lonnon v. Batchman*, 103 Kan. 266, 173 Pac. 415.)

The question remains whether such an agreement can be shown in support of a counterclaim or set-off as attempted in this case. If it could, then to break down a promissory note it would be necessary only to aver and prove the breach of an agreement as a cause of action, which breach could constitute no defense to an action on the note. Of course, the law does not permit such a change of form to work a change in character.

The judgment is affirmed.