No. 28,461.

The H. D. Lee Mercantile Company, *Appellee*, v. The Mercantile Company and Robert Pringle (Revived in the Name of Louise A. Pringle, Executrix, etc.), *Appellants*.

(276 Pac. 807.)

Opinion filed May 4, 1929.

*W. M. Glenn,* of Wichita, for the appellants; *J. Graham Campbell,* of Wichita, of counsel.

*Clement L. Wilson,* of Tribune, *C. A. Spencer* and *J. H. Jenson,* both of Oakley, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The H. D. Lee Mercantile Company brought this action against the Mercantile Company and Robert Pringle upon two promissory notes, one of which was executed May 1, 1924, for $577.16, and the other on January 22, 1925, for $547. The names of both defendants were signed on the face of the notes as makers and the execution of them was admitted. The Mercantile Company admitted that it owed the amount of the first note, but alleged that it was entitled to a credit on the second note of $238.10. The defendant, Pringle, answered that the Mercantile Company had given plaintiff several notes as collateral security on the first note, but the plaintiff had sent one of the collateral notes amounting to $238.10 to his codefendant, the Mercantile Company, for collection; that the Mercantile Company collected the note, but failed to send the proceeds thereof to plaintiff, and Pringle claimed that he was entitled to a credit of that amount on the first note. As to the second note he admitted signing it, but alleged that he signed it as surety after its execution by his codefendant, in the belief that it was a renewal of the first one; that he signed it as surety, and that the plaintiff gave up nothing of value in consideration of his signing that note. He also alleged that the second note was given to take up an open account, and that there was included in it an item of $238.85 which was not due and that he was entitled to a credit for that amount. After the plaintiff had introduced the notes in evidence the defendants assumed the burden of proving the defenses pleaded, and when the evidence was completed the plaintiff filed a demurrer to defendants' evidence and asked for judgment upon the ground that no defense had been established. The motion was sustained

and judgment was rendered for the amount of the notes less the item mentioned of $238.10, which plaintiff admitted was erroneously included in the second note.

Defendants first complain of the exclusion of offered testimony, but it appears that the proposed testimony of witnesses was not produced in evidential form on the motion for a new trial, and hence the rulings are not open to review here. (*State v. Ball,* 110 Kan. 428, 204 Pac. 701.) It is said that a review of a ruling on a demurrer to evidence may be had without a motion for a new trial, as the demurrer raises only a question of law. A review of the ruling upon the demurrer may of course be had without such a motion upon the evidence admitted by the court. If a review of rulings upon rejected testimony is asked, it is essential that it be produced so that the court should have an opportunity to learn what the testimony of the proposed witnesses would have been, and this could have been disclosed in a motion for a new trial. Such a motion was made by the defendants, but they did not produce the evidence by affidavit, deposition or otherwise, and are not in a position to complain of the ruling. (*State Bank v. McBride,* 115 Kan. 51, 222 Pac. 141.) The defendant Pringle says that he signed the note as surety, but it appears that he signed it as a maker. He was primarily liable under the negotiable-instruments law. Whatever may have been his relation to his comaker, he appended his name to the instrument without indicating by any appropriate words that he was signing in any special capacity, and as to the holder of the paper he cannot show liability in any other capacity. (*Bank v. Jeltz,* 101 Kan. 537, 167 Pac. 1067; *Bank v. Hoyt,* 103 Kan. 44, 172 Pac. 994; *Lonnon v. Batchman,* 103 Kan. 266, 173 Pac. 415.) Being primarily liable he is not in a position to complain of the misuse of collateral security by his comaker. The plaintiff, it appears, sent the collateral note to the Mercantile Company, his comaker, for collection. That company collected it and sent its worthless check to the plaintiff, and Pringle is asking for a credit when in fact no payment had been made. Neither of the makers can claim a credit on that score. (*Trust Co. v. Danforth,* 103 Kan. 860, 177 Pac. 357. See, also, *Spire v. Spire,* 104 Kan. 501, 180 Pac. 209.)

The claim made in the answers of defendants that an item of $238.10 was included in the second note, which should not have been included, was given consideration by the court. It was conceded by

plaintiff that this item of the account for which in part the note was given was an error, and the court in rendering judgment gave the defendants credit for that amount and reduced the judgment to that extent. This credit leaves the defendant no substantial grounds of complaint.

We find no error in the record, and therefore the judgment is affirmed.