No. 29,399.

THE SECURITY STATE BANK OF ESKRIDGE, *Appellee*, v. FRANK D. MOSSMAN, *Appellant*.

(292 Pac. 935.)

Opinion filed November 8, 1930.

*William Bowes,* of Alma, for the appellant.

*Hugh MacFarland,* of Topeka, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is by the defendant from a judgment rendered against him upon the pleadings and his opening statement of the case to the jury.

The plaintiff's cause of action was upon a past-due note. The verified answer admitted the execution of the note and further alleged want of consideration, that defendant had several months prior to the execution of the note in suit signed two smaller notes as surety, and that the plaintiff, through its agents, procured him to execute the note sued on in this action; that plaintiff still holds the two former notes and that defendant had not been released thereon. The reply was a general denial and estoppel.

The appellant analyzes the answer as containing three defenses; want of consideration, want of release from liability on the prior notes and that those prior notes evidence all the indebtedness from him to the plaintiff.

The opening statement of the defendant to the jury after a recitation of the substance of the verified answer, concluded as follows:

"We expect the testimony to show that S. L. Mossman and D. F. Mossman were indebted to the bank, the Security State Bank of Eskridge; that they cut that indebtedness into two notes; that Frank D. Mossman signed those as surety, got no part of the money whatever; that long after those two notes were past due, an agent of the bank, we will show, J. G. Waugh, came to the home of Frank Mossman and had a talk with him about this—I am not so certain but what the testimony will show he had these two notes with him— and that he wanted this defendant to execute a note for the whole amount in place of the two that were past due at that time, to take back, . . . and that the debt was on the two notes he had; that this note was not given for any consideration. Frank Mossman is not denying his liability on the two notes he signed, but is denying that this note was given for any purpose, . . . he never having received anything in return therefor."

The plaintiff then moved the court for judgment on the pleadings and the opening statement of the defendant, and the court sustained the motion and rendered judgment against the defendant for the amount of the note with interest.

The appellant insists that all three of his defenses to the plaintiff's cause of action required proof, and that he was entitled to have an opportunity to furnish such proof as to each and all of his

defenses, and that the court by sustaining the motion for judgment denied him that privilege and in effect accepted the plaintiff's plea of estoppel in the reply without proof, and he cites in support of this contention: *Tweedell v. Warner*, 43 Kan. 597, 23 Pac. 603; *Smith v. Beeler*, 48 Kan. 669, 29 Pac. 1087; *Evans v. Baker*, 5 Kan. App. 68. No opening statement was made in any of these cases.

In the first case a judgment on the pleadings was rendered in favor of the defendant on his answer, which alleged the regularity and legality of all the anterior proceedings to the issuance of a tax deed, and attached a copy of the deed which appeared to be void on its face, and it was held that as the allegations were inconsistent with the exhibit they did not authorize the court to render judgment for the defendant on the pleadings.

The second case cited was where it was held judgment should not have been rendered for the plaintiff on the pleadings when the petition alleged promises in writing to remove the bar of the statute of limitations and these promises were denied under oath by the defendant in his answer.

The third case cited was where in an action against an indorser on a note the defendant alleged the disregard of the provisions of a mortgage made pursuant to agreement entered into when the note was executed, which allegations were denied by plaintiff, and it was held:

"It is error to render judgment on the pleadings, without evidence, when material facts, upon which such judgment is based, are not admitted by the unsuccessful party." (Syl. ¶ 3.)

The theory of the appellant is that the admissions of the answer and opening statement do not cover the defenses of want of consideration, want of release from liability on the two prior notes, and that such prior notes evidence all of the indebtedness of the defendant to the plaintiff.

The last two defenses are not in themselves separate and distinct from the first, so that either one or both of them would constitute a complete defense to the action, if there was a good and valid consideration for the note. Appellant has not cited us to any holding that a recovery on a good and valid note cannot be had while there is an outstanding and unreleased note, of which the one in suit is a renewal. The notes, both prior and renewal, are only the evidence of the indebtedness. It is the same indebtedness which has not been

paid. The surrender and cancellation of the notes would not relieve the maker thereof from the liability thereon without payment or acceptance of something as and for payment, as was held in *Bank v. Hoyt,* 103 Kan. 44, 172 Pac. 994, where one maker forged the names of others to the renewal note and received the old note marked paid.

"Where a note is given merely in renewal of another note and not in payment, the renewal does not extinguish the original debt nor in any way change the debt except by postponing the time for payment, and as a general rule the holder is entitled to the same rights and remedies as if he was proceeding on the original note." (8 C. J. 443. See, also, *Bank v. Livermore,* 90 Kan. 395, 133 Pac. 734; *Bank v. George,* 105 Kan. 129, 181 Pac. 574.)

The opening statement plainly admitted there was a consideration for the note in question when it admitted that it was executed in place of the two prior notes, and that the debt and defendant's liability were on the two notes.

"Value is any consideration sufficient to support a simple contract. An antecedent or preëxisting debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time." (R. S. 52-302.)

"The court is warranted in acting upon the admissions made by parties during the trial of a cause; and where the plaintiff, in making the opening statement of his case to the court and jury, admits or states facts the existence of which absolutely precludes a recovery by him, the court may close the trial at once and give judgment against him." (*Lindley v. A. T. & S. F. Rld. Co.,* 47 Kan. 432, syl. ¶ 1, 28 Pac. 201.)

See, also, on the question of opening statements being used as admissions on which judgment may be rendered: *Gas Co. v. Carter,* 65 Kan. 565, 70 Pac. 635; *Brashear v. Rabenstein,* 71 Kan. 455, 80 Pac. 950; *Glenn v. Railway Co.,* 88 Kan. 235, 128 Pac. 362; *Fenley v. Garvin,* 110 Kan. 185, 203 Pac. 301.

Appellant insists no consideration went from the plaintiff bank to him even on the original notes on which he was surety, but the consideration is good and complete if it passes to the principal and will bind the surety.

"It is not necessary that the consideration for the suretyship shall move directly from the obligee to the surety; it is sufficient that a valuable consideration passes between the principal and the obligee. For example, a consideration sufficient to validate the contract between a principal and the payee of a note is sufficient to bind also the principal's surety, who joins in the execution thereof." (50 C. J. 47. See, also, 21 R. C. L. 959.)

The answer and the opening statement clearly show a consideration for the note in question, and with a good consideration the

other defenses alleged could not have availed the defendant anything as against his obligation and liability on a valid note.

We find no error in the rendering of judgment on the pleadings and the opening statement of the defendant, nor in the striking out of the answer the portion referring to a real-estate transaction.

The judgment is affirmed.