J. M. GODDARD, APPELLANT, *v.* JACK STREETER, TRUSTEE FOR THE HUGHES PORTER CORPORATION, AND HUGHES PORTER CORPORATION, RESPONDENTS.

No. 4789

December 29, 1964                                    397 P.2d 621

*Bradley & Drendel,* of Reno, for Apellant.

*Streeter, Sala, Richards & McAuliffe,* of Reno, for Respondents.

## OPINION

By the Court, BADT, C. J.:

This is an appeal from a judgment based upon a check in the face amount of $60,000 executed by "Jack Streeter, Trustee," in favor of Raymor, Inc. On the face of the check appear the words "Subject to terms on reverse side." On the reverse side of the check appeared the following: "Subject to the writ of garnishment served on Jack Streeter and Hughes Porter Corporation out of case No. 204932, Department 2, entitled Virgil T. Smith and Neva G. Smith, his wife, Plaintiffs, vs. Raymond Spector and Raymor, Inc., a Nevada Corporation."[1] Under this appears the following endorsement: "5/29/63 Pay to order of J. M. Goddard, Raymor, Inc., by Selma Spector, Treas." Following this are the words: "For deposit to Bradley & Drendel, Trust Account, J. M. Goddard." Payment on the check was stopped by Streeter, the bank refused to pay the check, and this action followed. The check had been delivered by Streeter to the representatives of Raymor pursuant to an agreement between the parties dated May 29, 1963.

Appellant specifies the following asserted errors by the trial court:

"1. The trial Court erred in not holding that the agreement of May 29, 1963, constituted a novation.

"2. The trial Court erred in failing to hold that the execution and delivery of the checks pursuant to the agreement of May 29, 1963, constituted payment of

---

[1]This is not too artfully drawn. All parties seem to agree that it means: "Subject to *release* of the writ of garnishment * * *."

the debt evidenced by the checks thereby precluding any offset, counterclaim, or other defenses, save and except any conditions expressed in the particular check.

"3. The trial Court erred in holding that the absence of the name of the Hughes Porter Corporation upon the check sued upon relieved the Hughes Porter Corporation from legal liability thereon.

"4. The trial Court erred in holding that the condition upon which the check sued upon was delivered had not been satisfied."

The agreement of May 29, 1963, reads as follows:

"Hughes Porter Corporation does hereby tender to Raymor, Inc., in full payment of that certain promissory note evidencing the balance of the indebtedness due to Raymor, Inc., from Hughes Porter Corporation on the purchase price of the Riverside Hotel the following:

"1. Jack Streeter, Trust Account check dated May 29, 1963, payable to the order of the Referee in Bankruptcy in the sum of Sixty Thousand ($60,000) Dollars.

"2. Jack Streeter, Trust Account check dated May 29, 1963, payable to the order of Raymor, Inc., in the sum of Sixteen Thousand ($16,000) Dollars.

"3. Jack Streeter, Trust Account check dated May 29, 1963, payable to the order of Raymor, Inc., in the sum of Sixty Thousand ($60,000) Dollars, said check bearing the notation 'Subject to the Writ of Garnishment served on Jack Streeter and Hughes Porter Corporation out of case No. 204932, Department No. 2, entitled Virgil T. Smith and Neva G. Smith, his wife, Plaintiffs, vs. Raymond Spector and Raymor, Inc., a Nevada Corporation.' Said check shall not be cashed by Raymor, Inc., until security in the form of a bond or other suitable collateral shall be deposited in Court and which security shall release the Writ of Garnishment.

"Raymor, Inc. hereby acknowledges receipt of payment in full under the promissory note aforesaid and hereby authorizes the Nevada Title Guarantee Company to mark said note paid in full and to deliver said cancelled note to the Hughes Porter Corporation.

"Raymor, Inc. further hereby authorizes the Nevada Title Guarantee Company to reconvey the real property, the subject of the Deed of Trust securing payment

of the promissory note aforesaid and to release the Chattel Mortgage likewise securing said note.

"The execution of this Agreement by each of the parties hereto constitutes payment in full of said note and likewise constitutes a transfer of funds to the payees under each of the checks aforesaid.

> Hughes Porter Corporation
> By: Jack Streeter
> Jack Streeter
> Agent and General Counsel

ACCEPTED:
RAYMOND SPECTOR, PRES.
Raymond Spector, President"

It is to be noted, first, that in appellant's assignments of errors, as above recited, appellant does not attack the court's findings of fact. Those findings briefly stated are as follows: that Goddard was the attorney and agent of Raymor, Inc.; that he had knowledge of all the transactions between Hughes Porter Corporation and Raymor, Inc., and also of the defenses and counterclaims interposed by the respondents; that he gave no consideration for the check; that on May 29, 1963, negotiations were had among Raymond Spector, president of Raymor, Inc., Hughes Porter Corporation, and their representatives relative to the settlement of the indebtedness owed by Hughes Porter Corporation to Raymor, Inc.; that as a result of the settlement the check in question was made and delivered to Raymor, Inc.; that the making and delivery of the check was conditional and was not to impose liability until the condition relative to the posting of a bond or other suitable collateral to release said writ of garnishment was performed by Raymor, Inc.; that prior to May 29, 1963, Hughes Porter Corporation had been garnished in the action brought by Smiths as aforesaid; that Raymor, Inc., did not post a bond or collateral to release the writ of garnishment; that said May 29, 1963, agreement provided for the delivery of a note, chattel mortgage and deed of trust held by Nevada Title Guaranty Company, under an escrow involving the sale of the Riverside Hotel in Reno, Nevada, by

Raymor, Inc., to Hughes Porter Corporation, pursuant to certain terms in the May 29, 1963, agreement; that the note, deed of trust and chattel mortgage have not been delivered to Hughes Porter Corporation, though demand had been made therefor; that the property described in the deed of trust had not been reconveyed and still stands of record in the name of the trustee; that Raymor, Inc., and its attorney, J. M. Goddard, threatened to foreclose the said deed of trust; that on March 30, 1963, Raymor, Inc., had assigned sundry insurance claims on the Riverside Hotel premises to Hughes Porter Corporation; that said insurance claims totaled $35,000; that Raymor, Inc., and its attorneys had refused to make the necessary proofs of loss to process said insurance policies; that Hughes Porter Corporation had been damaged in the sum of $35,000 by reason thereof; that on March 1, 1963, Raymor, Inc., agreed in writing that the Riverside Hotel property, except for the first deed of trust and chattel mortgage, would be free from all liens and encumbrances and that prior to the execution of May 29, 1963, agreement Raymor, Inc., falsely represented that certain signs affixed to the Riverside Hotel building were owned by Raymor, Inc., free and clear of encumbrances while in fact said signs had been sold upon conditional sales and a total of $6,726.90 was still owing thereon; that in said action by the Smiths they obtained judgment against Raymor, Inc., in the amount of $35,000 and the amount of said judgment was thereupon paid by said Hughes Porter Corporation under a writ of execution; that appellant claims herein the sum of $25,000.

Other findings are not material to the present appeal, but from the foregoing, the court concluded that Goddard was not a holder in due course and that Hughes Porter Corporation's counterclaims for insurance and signs against Raymor, Inc., were valid and that Hughes Porter Corporation was entitled to setoffs in the amount of $41,726.90; that Hughes Porter Corporation cannot be held liable upon the subject check in which its name does not appear; that said check was executed and delivered conditionally, which condition was not performed, and therefore is not enforceable; that the

cancellation, delivery and reconveyance of the pre-existing note, chattel mortgage, and deed of trust on the Riverside property and premises is a condition precedent to the maintenance of said action by Goddard, which has not been met; that plaintiff take nothing from defendant by virtue of the action and that defendant take nothing from plaintiff by virtue of its counterclaims.

The original action against the defendant Jack Streeter, trustee, had theretofore been dismissed.

The trial court's findings as condensed above followed the filing of a written opinion in which the trial court, among other things, decided as follows:

"The condition as agreed to by the parties in their agreement of May 29 is clear and unambiguous. To satisfy the condition, Raymor, Inc. was required to release the writ of garnishment. The actual release of the writ, of course, could be accomplished only by the Sheriff of Washoe County, to whom the Hughes Porter Corporation was directly responsible. Raymor, Inc., having failed to do this, cannot now be heard to insist that the Hughes Porter Corporation be required to accept far different performance than what was expressed in their agreement. There is nothing illegal or contrary to public policy if competent parties agree to make an obligation payable upon the occurrence of a condition, the performance of which is entirely within the power of the payee, and which performance may amount to valuable consideration to the obligor. The express condition of liability having not occurred, the check has not become an enforceable obligation. Carter v. Wilson, 102 Kan. 200, 169 P. 1139; Smith v. Dotterweich, 200 N.Y. 299, 93 N.E. 985; State Bank of Wilbur v. Phillips, 11 Wash.2d 483, 119 P.2d 664; 10 C.J.S. Bills and Notes, § 487, at 1077."

We are in entire agreement.

The judgment is affirmed with costs.

McNamee and Thompson, JJ., concur.