**STERLING CONSTRUCTION COM-**
**PANY, Appellant,**

v.

**HUMBOLDT NATIONAL BANK and**
**W. H. Cannon, Appellees.**

No. 7934.

United States Court of Appeals
Tenth Circuit.

May 20, 1965.

Charles H. Sandhouse, Sterling, Colo. (Sandhouse & Sandhouse, Sterling, Colo., on the brief), for appellant.

Thomas D. Smart, Denver, Colo., for appellees.

Before BREITENSTEIN and HILL, Circuit Judges, and CHRISTENSEN, District Judge.

HILL, Circuit Judge.

Appellees, W. H. Cannon and Humboldt National Bank, brought this action in the lower court against appellant, Sterling Construction Company, to recover damages for the alleged breach of contract.

The basic facts, which are not in dispute, are as follows:

In April, 1960, Sterling entered into a contract with Montana-Dakota Utilities

Company, agreeing to lay certain pipelines. Thereafter, Sterling subcontracted a portion of the work to C. M. Vaughan, acting on behalf of a corporation to be formed and known as Three D Pipe Coating Company. In pertinent part this contract provided for payments to be made by Sterling to Vaughan and/or Three D each fifteen days during the progress of the work as estimates were received by Sterling from the owner with 20 per cent to be withheld from each payment as retainage until final approval of the work was received from the owner. Sterling also agreed to make the payroll checks and pay Social Security and Unemployment Tax, Workmen's Compensation Insurance and other insurance required, all of which was to be deducted from final payments due to Vaughan.

In order for Vaughan to be able to finance his part of the contract, arrangements were made with appellee bank to loan him money. To secure these loans Vaughan agreed to assign to the bank all of the retainage money due and to thereafter become due. An "Agreement and Assignment" was duly executed and delivered by Vaughan and/or Three D to the bank to carry out this agreement. Sterling was notified of the assignment and on April 25 executed and returned to the bank its "Acknowledgment of Agreement and Assignment." [1]

The bank also required Vaughan to procure some responsible person to co-sign the notes with him. At this point Cannon came into the picture, as he agreed to and did co-sign the notes.

One note representing a loan of $1500 was immediately thereafter executed as agreed and at a later date during the progress of the work a second note representing a loan of $8500 was executed.

Both notes were demand notes and the principal of each was eventually paid by Cannon to the bank. Sterling paid nothing to either the bank or Cannon from the retainage money.

The trial court in its findings of fact determined that during the period between April, 1960, and October, 1960, Three D and Vaughan performed work under Three D's contract entitling Three D to gross compensation of not less than $77,751.41. From this finding, one can compute the 20 per cent retainage figure which was assigned by Three D and Vaughan to the appellee at $15,550.28. The lower court made a further finding that Sterling had in fact paid to Three D in cash $18,079.29 which encumbered the 20 per cent retainage in violation of its obligation to Humboldt. No sums were ever paid by Sterling to either appellee at any time. Sterling admitted it received $77,751.41 for Three D but contends that it paid Three D's expenses to the extent of $63,479.27 and paid Three D only $17,779.29 which left it overpaid to Three D in the amount of $3,507.15.[2]

In the amended complaint, the first claim of Humboldt National Bank sought damages of $15,550.28, plus interest, which is the amount of the so-called retainage, i. e., 20 per cent of $77,751.41, which it alleged Sterling failed to pay Humboldt, in violation of its agreement. Cannon's first claim sought damages of $10,000 plus interest. He alleged that he co-signed Vaughan and Three D's notes in reliance upon Sterling's agreement to pay the retainage fee to the bank as security and, when Sterling failed to do so, he was forced to pay the bank the $10,000 and, having done so, he is subrogated to the rights of the bank against Sterling. The combined claim of

---

1. "The undersigned [Sterling] hereby agrees that when any and all of said retainage money shall become due and payable, it will pay the same by remitting to the Humboldt National Bank, Humboldt, Kansas, the amount thereof, to be applied against said note or notes, and that it will pay all of said money to said bank until such time as it is furnished with said note or notes, duly cancelled, and a release of said agreement as collateral for the payment of said note or notes."

2. By the judgment of the trial court damages for breach of contract were awarded to Humboldt in the amount of $1,770.39, as unpaid interest due it, and to Cannon in the amount of $10,000 plus interest in the amount of $1,250.

both plaintiffs incorporated the provisions of their separate respective claims and collectively sought damages of $15,550.28, plus interest. The trial court dismissed each of the plaintiff's individual claims because the amount in controversy was below the jurisdictional amount,[3] but refused to dismiss the combined claim of each plaintiff believing that it contained a claim upon which relief could be granted and that it was in excess of the jurisdictional requirement.

■■ Appellant's first contention is that the combined complaint of both plaintiffs does not satisfy the jurisdictional amount requirement. The basis of this contention is that the cause of action here was on the two notes which exclusive of interest is $10,000. We agree with the trial court in this regard. The action here is not on the two notes, but on an agreement by Sterling to pay certain retainage funds to the appellee bank. The vital issue as to the jurisdictional amount is whether these two plaintiffs could combine their claims to meet this jurisdictional amount. The general rule is that when several plaintiffs unite to enforce a single right in which they have a common and undivided interest, it is enough if their interests collectively meet the jurisdictional requirement of 18 U.S.C. § 1332. Troy Bank of Troy, Indiana v. G. A. Whitehead & Company, 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81, (1911); Aetna Insurance Company v. Chicago, Rock Island & Pacific Railroad Company, 229 F.2d 584 (10th Cir. 1956); Phoenix Insurance Company v. Woosley, 287 F.2d 531 (10th Cir. 1961); cf. Woerter v. Orr, 127 F.2d 969 (10th Cir. 1942). The question here is whether the plaintiffs had a common undivided interest in this security. We believe they did. Certainly the security was to be protection for both their interest as neither plaintiff would have taken the action they did without this security.

Appellant next contends that the "Acknowledgment of Agreement and Assignment" it executed on April 25, 1960, where it agreed to pay the twenty per cent retainage to appellee bank, was not a contract to pay the bank. Appellant argues that the instrument was without consideration and in fact the bank was not even a party to the instrument.

■■ The assignment of the twenty per cent retainage by Vaughan and Three D to Humboldt became effective on April 22, 1960, when Vaughan and Three D and the bank executed the written assignment. Sterling's obligation to pay the retainage was complete when it received notice of this assignment and this alone would be sufficient to obligate Sterling on the assignment. State Investment Company v. Cimarron Insurance Company, 183 Kan. 190, 326 P.2d 299 (1958). But, we see more here than an assignment by Vaughan and Three D to Humboldt. The acknowledgment by Sterling in response to the notice of assignment in which Sterling agreed to pay the retainage to Humboldt created a new contract between Sterling and Humboldt. This new contract was additional protection which made the twenty per cent retainage better security than Humboldt had as a mere assignee.

The gravamen of the complaint here sounds in contract not as an action by an assignee against a debtor. Appellant's contention that Humboldt was not a party to its "Acknowledgment of Agreement and Assignment" and that the instrument was void of consideration is not well taken. The instrument executed by appellant was in response to a notice of assignment. The language of the instrument states unequivocally that appellant will pay to appellee Humboldt the twenty per cent retainage when it was due and payable. The trial court expressly found that Humboldt, in reliance upon Sterling's promise to pay, loaned Three D and Vaughan $1500 on April 26, 1960, and $8500 on April 30, 1960.

---

**3.** The trial judge apparently construed Humboldt's first claim at this time as covering only the unpaid interest still due upon the two notes.

The record supports this finding; therefore, we must conclude that there is no merit to Sterling's contention of no consideration. Under the facts of this case, the reliance doctrine as applied by the trial judge, is applicable. Restatement, Contracts, § 90 (1932), succinctly states the doctrine: "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." See also Corbin on Contracts, 1A § 200.[4]

From a careful examination of the trial court's findings of fact and the record every essential element of the reliance doctrine is present in this case.

The next issue concerns the debtor's right to set-off any debts owed to it by the assignor in an action by the assignee against the debtor. The debtor, which is the appellant in this case, contends that of the $77,751.41 due Vaughan and Three D for work performed, that appellant paid out in payroll and for miscellaneous expenses for Vaughan and Three D the sum of $63,479.27 and further that it paid directly to Vaughan and Three D $17,779.29 which sums total $81,258.26 or $3,507.15 more than it owed Vaughan and Three D. It is this $3,507.15 which appellant wishes to set-off against the claim of the appellees. Were this action merely one by an assignee against a debtor, appellant's argument might be more persuasive. But the trial court and this court have treated the action as one for breach of contract. Before appellant would be entitled to a set-off against the appellees, it must establish an independent claim or cause of action specifically against these appellees and this it has not done.

Finally, appellant contends that as an accommodation maker, appellee Cannon was primarily liable and, as such, he has no right to subrogation.

The facts are undisputed that Cannon received no consideration in return for assuming his obligation on the notes. We believe this makes him an accommodation maker as that term is defined in G.S.Kan. (1949) 52–306 and that he was primarily liable on the notes, G.S.Kan. (1949) 52–601. The question is, having paid the notes of $10,000, can he be subrogated to the bank's rights in this security, i. e., the 20 per cent retainage? This we answer in the affirmative. The law places the accommodation maker in the favorable opposition of surety who having paid the obligation is entitled to the rights of the creditor in all or any of the securities or remedies which the creditor has for the enforcement of his claim against the principal. Conqueror Trust Co. v. Danforth, 103 Kan. 860, 177 P. 357 (1918); Blitz v. Metzger, 119 Kan. 760, 241 P. 259 (1925).

Other contentions of appellant raised in this appeal have been carefully examined and found to be without merit. The judgment is, therefore, affirmed.

---

4. For a collection of cases citing § 90 with approval, see footnote 65, Corbin on Contracts, 1A, p. 250.